Argued March 6, affirmed April 4, petition for attorney fees
denied by opinion June 14, 1972

McMILLAN et ux, *Respondents, v.*
GOLDEN et ux, *Appellants.*
497 P2d 1166

J. Anthony Giacomini and Stanley C. Jones, Jr.,
Klamath Falls, for the petition.

Mel Kosta and Kosta and Brant, P. C., Klamath Falls, contra.

TONGUE, J.

Plaintiffs, the prevailing parties on this appeal, have filed a petition for allowance of attorney fees incurred in preparing respondents' brief and in other work related to this appeal. In support of that petition plaintiffs refer to a provision of the contract between the parties for allowance to the prevailing party of reasonable attorney fees "in said suit or action."[1] It is also contended that "this provision now includes attorney fees on appeal by reason of the enactment of ORS 20.096 which provides that the prevailing party to any suit on such a contract shall recover his attorney fees at trial or on appeal."

Defendants object to any allowance of attorney fees on appeal on the ground that ORS 20.096 is not retroactive and that this action was filed in the trial court prior to the effective date of that statute. Plaintiffs respond with the contention that this statute "should apply to cases pending at its effective date" because it "enlarges an existing remedy afforded by the contract, and does not create or destroy any remedy."

In *Adair v. McAtee*, 236 Or 391, 385 P2d 621, 388 P2d 748 (1963-64), this court considered a provision in a conditional sales contract which provided that "in case suit or action is instituted to collect such

---

[1] That contract provision is as follows:

"In case suit or action is instituted to enforce any of the provisions of this contract, the prevailing parties shall be entitled to such sums as the court may adjudge reasonable as attorney's fees in said suit or action, in addition to costs and disbursements provided by statute."

sum * * * purchaser promises to pay such additional sum as the court may adjudge reasonable as attorney fees in such suit or action." In that case this court held (at pp 394-396), after reviewing its previous decisions, that although such a contract provision authorized an allowance of attorney fees by the trial court, it did not authorize the allowance of attorney fees on appeal "in the absence of a statute so providing or in the absence of an express agreement that the prevailing party is entitled to attorney fees on appeal." SLOAN, J., dissented in *Adair,* but that decision has since been cited and followed in *Mignot v. Parkhill,* 247 Or 465, 467, 430 P2d 1007 (1967).

Seven years after *Adair* the Oregon legislature adopted ORS 20.096 (1), effective September 9, 1971, which provides that:

> "In any action or suit on a contract, *where such contract specifically provides that attorney fees* and costs incurred to enforce the provisions of the contract *shall be awarded to one of the parties, the prevailing party,* whether he is the party specified in the contract or not, *at trial or on appeal,* shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements." (Emphasis added)

It may be contended that the words "or on appeal" show a legislative intent to change the rule as previously adopted by this court in *Adair.* In our view, however, the language of ORS 20.096 (1) is ambiguous, to say the least, if such was the intent of the legislature. Therefore, in an effort to determine that intent, we have considered the legislative history of that statute.

It appears that ORS 20.096 (1) was adopted by the 1971 legislature at the request of the Oregon State

Bar Committee on Legal Aid. The 1960 report of that committee on this subject is as follows:

"The committee has also considered the effect upon the poor of common contractual provisions allowing attorney fees to one side only in the event of a dispute. Such provisions are particularly oppressive to the poor.

"The Committee recommends submission to the Legislature of the proposed statute set forth in Exhibit A which is patterned after the California statute and allows attorney fees to the prevailing party in such contractual disputes whether or not the prevailing party is the party designated to receive attorney fees under the contract."

Provisions of the original bill, as recommended by that committee, were almost identical with the provisions of ORS 20.096 (1), as adopted by the legislature, except for the omission in the proposed bill of the words "at trial or on appeal."

Upon examination of the minutes of the Senate Judiciary Committee, it appears to be clear that the stated purpose of the bill was "directed to the inequality of bargaining power which is so common in many commercial transactions" and to "neutralize the position of the parties and provide that regardless of such a provision in a contract [for award of attorney fees to one party to the contract] the prevailing party would be entitled to attorney fees."[2] The question was then raised "whether HB 1342 covered attorney fees to the prevailing party on appeal." It was then agreed by members of the Senate Committee that "it should do so" and the words "at trial or on appeal" were then added for that purpose.

---

[2] Minutes of the Subcommittee of the House Judiciary Committee, to which HB 1342 was first referred, are to the same effect.

It thus appears to be clear that in adopting ORS 20.096 (1) the intention of the legislature was to provide that "when [a] contract specifically provides that attorney fees * * * shall be awarded to one of the parties," such attorney fees shall be awarded to the prevailing party. It does not appear, however, that the legislature intended that either party, whether prevailing or not, should be entitled to attorney fees unless the contract specifically provided for attorney fees to at least one party to the contract. Thus, whether either party is entitled to attorney fees is still dependent on the existence of a specific contract provision.

■ After considering the terms of ORS 20.096 in the light of its legislative history, we hold that in adopting that statute it was the intent of the legislature to allow attorney fees to the prevailing party on either trial or appeal only in the event that the contract "specifically provides" for allowance of attorney fees to either party on either trial or appeal. Conversely, if a contract provides for attorney fees to either party on trial (or "in such suit or action," as in *Adair*), without reference to the allowance of attorney fees on appeal, we do not believe that the legislature intended to allow attorney fees to either party on appeal, so as to require a result contrary to the rule previously adopted by this court in *Adair*.

■ The contract in this case "specifically provides" for attorney fees to the prevailing party "in said suit or action," but does not "specifically provide" for attorney fees to either party on appeal. It follows, both under the rule of *Adair* and under the provisions of ORS 20.096, as we interpret that statute, that while plaintiffs, as the prevailing parties, were entitled to

an award of attorney fees from the trial court in this case, they are not entitled to an award of attorney fees on this appeal.

Under this view, it is not necessary to decide in this case whether ORS 20.096 is retroactive in its application.

Plaintiffs' petition for attorney fees is denied.