Argued and submitted April 16, reversed and remanded
with instructions July 21, reconsideration denied September 11,
petition for review allowed November 20, 1980

## JEWELL,
*Respondent,*

*v.*

## TRIPLE B. ENTERPRISES, INC., et al,
*Appellant.*

(No. A7806-09179, CA 15244)

614 P2d 135

Peter H. Glade, Portland, argued the cause for appellant. With him on the brief was O'Connell, Goyak, Hagen, Elliott & Krage, P.C., Portland.

Cynthia L. Barrett, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

Warren, J., dissenting opinion.

## JOSEPH, P.J.

Defendant appeals from the trial court's award of attorney fees to plaintiff following a jury verdict for damages in an action for breach of contract.

In October, 1975, plaintiff and defendant entered into a contract by which plaintiff enrolled as a student in defendant's school to receive training as a barber and cosmetologist. Defendant terminated plaintiff from the program involuntarily in May, 1976. Plaintiff filed this action, alleging that the termination violated the terms of the enrollment contract and that he had been damaged by the wrongful termination in the amount of $7,275, which included tuition, additional costs for a replacement program and loss of earnings due to inability to take the barber's exam as scheduled. Plaintiff also prayed for reasonable attorney fees. Following a jury verdict for plaintiff, the court took evidence over defendant's objection[1] on reasonable attorney fees and awarded $1,750 to plaintiff.

■ The enrollment contract contains a clause which, by its express terms, allowed defendant to seek attorney fees in an action to enforce provisions for plaintiff's payments under the contract:

> "Time is of the essence in the agreement and if the student fails to make any payments when due, the school may, at its option, declare the entire amount of the indebtedness, plus any accrued collection charges, immediately due and payable. The maker further understands and agrees to pay all costs, and charges for attorney's fees necessary for the collection of any amount not paid when due."

---

[1] Defendant objected that the allowance of reasonable attorney fees was improper under ORS 20.096(1). He does not question the procedure of the *court* conducting an evidentiary hearing to determine the reasonable attorney fees following a *jury* verdict. *See Nicoletti v. Damerow Ford,* 40 Or App 587, 595 P2d 1286 (1979); *Shipler v. Van Raden,* 288 Or 735, 608 P2d 1162 (1980). We note that *Nicoletti* may be subject to some misunderstanding. The action there was in tort, not in contract, and ORS 20.096(1) ought to have had no application at all. However, the defendant there, for whatever reason, chose not to challenge the application of the statute on that ground at trial or on appeal.

[283]

The basis of the award of attorney fees to plaintiff was ORS 20.096(1):

> "In any action or suit on a contract, where such contract specifically provides that attorney's fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

Defendant claims that the award of attorney fees was error in that ORS 20.096(1) would allow a student to recover attorney fees under this contract only if the school were to bring a collection action against that student and fail to win its case on the merits, *i.e.,* the statute does not allow attorney's fees to be awarded when a student brings an action to recover damages for breach of the contract. We agree.

The legislative history of ORS 20.096(1) shows that its purpose was to make one-sided contractual provisions for attorney fees reciprocal. *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972). The statute is expressly applicable to litigation "to enforce the provisions of the contract," but it does not establish "an independent right to attorney fees in the prevailing party greater than he would have enjoyed had the contract expressly provided for them." *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 666, 596 P2d 931 (1979). The contractual provision here would have permitted the school to recover its reasonable attorney fees only if plaintiff failed to make payments when due, *i.e.,* failed to perform his payment obligations under the contract, and it successfully sued to obtain that money. Plaintiff's action was brought to enforce other express or implied terms of the enrollment contract to obtain the benefits that he bargained for, but to allow him to recover an attorney's fee would apply ORS 20.096(1) beyond the bounds of reciprocity. That can best be seen by asking what basis there would

have been for an award of an attorney's fee to the defendant if it had prevailed.[2]

Reversed and remanded for entry of a judgment consistent with this opinion.

**WARREN, J.,** dissenting opinion.

The majority holds that because the contractual provision for attorney fees limits defendant's right to attorney fees to actions to collect payments not made when due, plaintiff is not entitled to an attorney fee in this action to recover tuition paid. To so hold is to in effect nullify the legislative intent to make "one-sided contractual provisions for attorney fees reciprocal." (at p. 137.)

The import of the majority's decision is to allow the party, which is in a position to dictate the terms of a contract, to avoid truly reciprocal attorney fees by limiting its own right to attorney fees to duties under the contract which can only be breached by the other party.

Here, defendant's primary duty under the contract was to teach; plaintiff's primary duty was to pay tuition for that service. While plaintiff would clearly be entitled to an attorney fee if he had successfully *defended* an action by the school to collect unpaid tuition, he may not recover attorney fees, according to the majority, if he *brings* an action for breach of contract to recover tuition paid. In my view, this is inconsistent with "* * * the purpose of the legislature * * * to equalize the rights of disfavored parties to adhesion contracts who lack bargaining power." *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 665, 596 P2d 931 (1979).

---

[2] *See Harris v. Cantwell,* 47 Or App 211, 614 P2d 124 (1980); *see also Tindula v. Bauman,* 271 Or 383, 532 P2d 785 (1975).

I recognize that the Supreme Court has held that ORS 20.096(1) does not create "an independent right to attorney fees in the prevailing party greater than he would have enjoyed had the contract expressly provided for them," 280 Or at 666, and that the Supreme Court has adopted a "narrow policy on the allowance of attorney fees unless expressly authorized by a statute or a contract." *Hughes v. Bembry,* 256 Or 172, 177-78, 470 P2d 151 (1970); *Adair v. McAtee,* 236 Or 391, 393, 385 P2d 621 (1963), 388 P2d 748 (1964). But where, as here, the contract does provide for attorney fees for the "collection of any amount not paid when due," and the legislature has by statute attempted to provide a remedy for the unequal bargaining power of the parties, such a restrictive view to the allowance of attorney fees is inappropriate because it defeats the remedial purpose of the statute.

I do not agree that allowing the plaintiff here to recover attorney fees applies ORS 20.096(1) beyond the bounds of reciprocity. The amounts, at least in part, which the plaintiff sought to recover, i.e., tuition, was exactly the money for which, if not paid by the plaintiff when due, defendant could bring an action and recover attorney fees.[1] To permit the plaintiff to recover attorney fees in this case would simply equalize the rights of the parties in a dispute over amounts payable or paid under the contract.

*Webster v. General Motors Accept.,* 267 Or 304, 516 P2d 1275 (1973), supports the conclusion I would

---

[1] As pointed out by the majority, plaintiff's action was to recover tuition paid, the cost of a replacement program and lost wages. Because, in my opinion, plaintiff was entitled to attorney fees at least on the tuition he sought to recover and because the defendant has made no contention that, in the event attorney fees were awarded, they should be allowed only on that portion of the claim representing recovery of tuition, the entire award should be affirmed.

reach under the facts of this case. In *Webster,* the plaintiff purchased a used truck under an installment contract which was assigned to the defendant. After plaintiff defaulted on the contract, the truck was sold by GMAC, resulting in a surplus. The plaintiff brought an action to recover the surplus and prevailed, but the trial court declined to award attorney fees under the contract which provided:

"4. Time is of the essence of this contact. In the event that any instalment shall not have been paid within ten (10) days after the date on which it becomes due and payable hereunder, the seller may collect, and the buyer hereby agrees to pay, a charge in an amount equal to five per cent (5%) of each such unpaid instalment, or five dollars, whichever is less. The buyer agrees to pay reasonable collection costs, and in the event this contract is placed in the hands of an attorney, not a salaried employe of the holder of the contract, for collection, to pay a reasonable amount as attorney's fees, plus court costs.

"* * * * *

"6. * * * In the event of repossession of said property the seller shall have such rights and remedies as are provided and permitted by law, including the right to retain from the proceeds of disposition of said property attorney's fees in the amount provided in paragraph #4 above, and other legal expenses incurred for the purpose of retaking and disposing of said property."

ORS 79.5040(2) provided:

"If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency. * * *."

The Supreme Court held that under ORS 20.096(1) the plaintiff, the disfavored party to the adhesion contract, was entitled to an attorney fee in his action to recover the surplus.

"The right to a deficiency * * * was incorporated into the contract by express provision, and because attorney fees would have been provided to the seller

if a deficiency resulted after foreclosure, they should also be allowed to a buyer if a surplus results and he is forced to incur attorney fees to collect that surplus."

Similarly, here, because defendant in an action to collect unpaid tuition would have been entitled to an attorney fee, the plaintiff should be entitled to an attorney fee in this action to recover tuition paid.

I would affirm the trial court's award of attorney fees to plaintiff.