Argued and submitted January 6, reversed April 28, 1981

# JEWELL
## *Petitioner,*

*v.*

# TRIPLE B. ENTERPRISES, INC.,
## *Respondent.*

### (CA 15244, SC 27234)

626 P2d 1383

Cynthia L. Barrett, Portland, argued the cause and filed the briefs for petitioner.

Peter H. Glade, Portland, argued the cause for respondent. With him on the brief were O'Connell, Goyak, Hagen, Elliott & Krage, P. C., Portland.

DENECKE, C. J.

## DENECKE, C. J.

The sole issue is whether plaintiff is entitled to a judgment for his attorney fees.

Plaintiff and defendant entered a contract by which plaintiff enrolled as a student in defendant's school to receive training as a barber and cosmetologist. Defendant terminated plaintiff from the program. Plaintiff brought this action alleging that the termination violated the terms of the enrollment agreement and that he had been damaged by that wrongful termination in the amount of $7,275, which included tuition paid to the defendant, the costs of replacement schooling and the loss of earnings due to plaintiff's inability to take the Board of Barber's licensing examination as scheduled. He further sought reasonable attorney fees. After a jury verdict for plaintiff for $1,265, the trial court awarded $1,650 to plaintiff as attorney fees.

The enrollment contract was on a printed or mimeographed form and provided:

"* * * The maker further understands and agrees to pay all costs and charges for attorney fees necessary for the collection of any amount not paid when due."[1]

Defendant appealed the award of attorney fees. The Court of Appeals reversed, with the majority holding that there was no basis for an award of attorney fees under ORS 20.096(1). 47 Or App 281, 614 P2d 135 (1980).

ORS 20.096(1) provides as follows:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

The statute requires reciprocity of recovery of attorney fees. The issue is whether the statute should be construed so that where a contract allows a seller attorney fees if he prevails in an action for collection, the buyer's

---

[1] The clause was apparently copied from a clause in a promissory note. Maker must mean student. Neither party raises any issue regarding "maker."

right to attorney fees should also be limited to an action for collection or should the buyer's right be extended to cover actions for breach by the seller of other provisions of the contract the seller was obliged to perform. We adopt the broader approach and allow plaintiff his attorney fees.

The majority of the Court of Appeals chose the narrower construction, holding that:

> "* * * ORS 20.096(1) would allow a student to recover attorney fees under this contract only if the school were to bring a collection action against that student and fail to win its case on the merits, *i.e.,* the statute does not allow attorney's fees to be awarded when a student brings an action to recover damages for breach of the contract. * * *" 47 Or App at 284.

■    The legislative history of ORS 20.096(1) shows that it was "directed to the inequality of bargaining power which is so common in many commercial transactions." *McMillan v. Golden,* 262 Or 317, 320, 497 P2d 1166 (1972). The purpose was to allow the buyer and the seller the same right to collect attorney fees despite onesided contractual provisions, and thereby "equalize the rights of disfavored parties to adhesion contracts who lacked bargaining power." *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 665, 596 P2d 931 (1979).

As Judge Warren stated in his dissent, the import of the decision of the majority of the Court of Appeals was to allow the seller to subvert that legislative intent and avoid true reciprocity of attorney fees "by limiting its own right to attorney fees to duties under the contract which can only be breached by the other party." 47 Or App at 285. The remedial and reciprocal purpose of the statute is subverted if by skillful drafting the seller in a contract has the security of attorney fees if he prevails in an action to enforce the primary contractual obligation of the buyer, but the buyer is not allowed fees if he wins in an action to enforce the reciprocal primary contractual obligation of the seller.

ORS 20.096(1) provides that where a contract provides that attorney fees incurred to enforce the provisions of the contract shall be awarded to one of the parties, the

prevailing party, whether the party specified in the contract or not, in an action on that contract, shall be entitled to attorney fees.

■      "[T]he provisions of the contract," as that phrase is used in ORS 20.096(1), refers to "provisions of the contract" containing the obligations of the person who the contract obliges to pay attorney fees; in this case the student. In the contract the student has only one obligation; that is, to pay tuition. The statute uses the plural, "provisions"; however, in the present contract there is only one provision containing the one obligation of the student. With but one obligation the attorney fees clause is similar in effect to one providing that "attorney fees and costs incurred to enforce the provisions of the contrract shall be awarded to" the school. The reciprocal right of the other party to the contract, the student, would be to be entitled to attorney fees in litigation to enforce any of the obligations of the school. We, therefore, hold that attorney fees are awardable to the prevailing party (the plaintiff student) for enforcing any or all of the provisions of the contract containing the obligations of the school.[2]

*Webster v. General Motors Accept.,* 267 Or 304, 516 P2d 1275 (1973), supports our present decision but in a limited way. In *Webster,* the plaintiff purchased a truck and executed a conditional sales contract. The plaintiff defaulted, foreclosure proceedings were instituted, the truck was sold and a surplus was generated. Plaintiff successfully prosecuted an action for the surplus and sought attorney fees. We concluded the contract provided that the seller was entitled to attorney fees incurred in collecting any deficiency; therefore, under ORS 20.096(1) the buyer was entitled to attorney fees for collecting a surplus. We, in effect, concluded that the right to a surplus was the reciprocal to the right to collect a deficiency, and if the seller had a right to attorney fees for collecting a deficiency under the statute, the buyer had a right to an attorney fee for collecting a surplus.

A party drafting a contract imposing several obligations on the other party could limit the drafting party's

---

[2] ORS 20.096(1) was modeled after a California statute. A California Court of Appeals interpreted the California statute more restrictively than we do. *Sciarrotta v. Teaford Const. Co.,* 167 Cal Rptr 889, 110 Cal App3d 444 (1980).

right to recover attorney fees to the enforcement of one obligation. We express no opinion on the right of either party to attorney fees when the enforcement of other obligations of the contract is in litigation.

Reversed.

**PETERSON, J.,** dissenting.

This case presents an extremely close question, the resolution of which involves competing public policies. After considerable indecision, I have concluded that ORS 20.096(1) does not permit the award of attorney fees in this case.

## PUBLIC POLICY UNDERLYING THE STATUTE

ORS 20.096(1) was enacted in 1971. Prior to the enactment of the statute, it was common for contracts to contain provisions for the payment of attorney fees by one of the parties to the contract. Such provisions put the disfavored party at a distinct tactical disadvantage. For example, if the disfavored party could assert a defense but the likelihood of success was less than certain, the party might be reluctant to defend the case for fear of the substantial "penalty" in the form of attorney fees to the prevailing party. The effect of such one-sided contractual provisions was to deter the assertion of meritorious defense and to cause some cases to be settled or go undefended when the disfavored party would otherwise defend.

The purpose of ORS 20.096 was to put the parties on equal footing, so that if (1) the favored party stood to obtain attorney fees by asserting a claim, the disfavored party, if the claim were successfully defended, would also obtain attorney fees, and (2) if the disfavored party successfully asserted a claim involving a contractual provision providing for attorney fees to the favored party, attorney fees would be allowed to the disfavored party. The passage of the statute resulted in the withdrawal of the tactical advantage previously enjoyed by only the favored party.[1]

---

[1] Even so, the possibility of an attorney fees award to the prevailing party still, to some degree, tends to encourage the settlement of some cases because neither party is willing to take the risk of having to pay the other's attorney fees.

The result of the majority opinion is to make the attorney fee provisions in the case at bar reciprocal with a capital R, for the disfavored party's rights, under the majority opinion, exceed the rights given to the favored party under the contract.

## ANALYSIS OF MAJORITY OPINION

There are two types of contractual provisions which may arise under ORS 20.096, one being a "limited" provision such as we have in the case at bar, and the other being an "unlimited" provision. An example of an "unlimited" provision would be one reading along these lines:

> "In case suit or action is brought to enforce any of the provisions hereof, second party agrees to pay such sum as the court may adjudge reasonable for first party's attorney fees and costs."[2]

No problem arises under contracts containing an "unlimited" provision, because any suit or action would necessarily be covered by the provision of the contract, as modified by the reciprocal effect of ORS 20.096(1). As to a "limited" provision, however, the analysis is less clear. There are four types of claims which might arise under a limited provision. They are:

1. A claim by the favored party for a breach of contract with which the limited provision is concerned and any defense thereto.

2. A claim by the favored party for breach of a contract provision other than the limited provision and any defense thereto.

3. A claim by the disfavored party for breach of contract relating to the limited provision and a defense thereto by the favored party.

4. A claim by the disfavored party for breach of a contract provision other than the limited provision and a defense thereto by the favored party.

I read the majority opinion as follows: Under categories 1 and 3, the prevailing party, whether the favored party or the disfavored party, would obtain attorney fees. Reciprocity and mutuality are achieved. On a

---

[2] This provision is extracted, in part, from an old Stevens-Ness form.

category 4 claim (the case at bar) the disfavored party gets attorney fees. The opinion does not address the issues arising from a category 2 claim or a category 4 claim in which the favored party prevails. I dissent because the effect of the majority analysis achieves neither reciprocity nor mutuality and fails to attain the goal of the statute.

## OUR PRECEDENTS

My resolve to dissent was fortified by this statement in *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972). *McMillan* was our first decision involving ORS 20.096, and in that opinion the court stated:

"It thus appears to be clear that in adopting ORS 20.096(1) the intention of the legislature was to provide that 'when [a] contract specifically provides that attorney fees * * * shall be awarded to one of the parties,' such attorney fees shall be awarded to the prevailing party. It does not appear, however, that the legislature intended that either party, whether prevailing or not, should be entitled to attorney fees unless the contract specifically provided for attorney fees to at least one party to the contract. Thus, whether either party is entitled to attorney fees is still dependent on the existence of a specific contract provision." 262 Or at 321.

In *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 665-666, 596 P2d 931 (1979), we stated:

"A court of equity is bound by the statute and the problem is merely one of statutory construction. It is reasonably clear that the purpose of the legislature was to equalize the rights of disfavored parties to adhesion contracts who lacked bargaining power. See legislative history of the statute as set forth in *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972). *It was not intended to give the disfavored party rights superior to those of the favored party.* * * * It surely was not the intention of the legislature to place the disfavored party in a superior position to that which he would have enjoyed had the contract granted him equal rights to attorney fees with the favored party." (Emphasis added.)

## DISCUSSION

A recent California decision, *Sciarrotta v. Teaford Const. Co.,* 110 Cal App 3d 444, 167 Cal Rptr 889 (1980), involved a statute which is virtually identical to ORS 20.096(1) and from which our statute was taken. The issue in that case was stated to be:

"In this case we are called upon to decide whether to apply section 1717 of the Civil Code in favor of a promisor who sued successfully to enforce a right under the contract not related to the provision providing for fees in favor of the promisee. * * *" 167 Cal Rptr at 890.

The case involved a claim by a homeowner against a contractor for breach of the contractor's agreement to construct a house in a "good and workmanlike manner." The homeowner claimed attorney fees under a contract which contained this clause:

"* * * 'In the event that default should occur in the payment of the Contract price or of any part thereof, Owner agrees to pay Contractor's reasonable attorney's fees and court costs incurred by Contractor to enforce payment herein.' "

The trial court denied the plaintiff's claim for attorney fees. The California court affirmed, holding that although the purpose of their counterpart of ORS 20.096 was to create reciprocity, the reciprocal statutory right should be no greater than the contractual right upon which it was based.

The court stated the plaintiff's position as follows:

"* * * Viewed in these terms, in order to affirm the trial court's judgment in the case before us it would be necessary to say, if defendant sues to enforce the only part of the contract benefiting it and prevails, it is entitled to attorney's fees. However, if plaintiffs sue to enforce the only portion of the contract benefiting them, and prevail, it would be necessary to say that they may not recover attorney's fees. Thus, according to plaintiffs, the remedies available to the parties under this form contract are unequal. The plaintiffs therefore suggest that public policy demands an interpretation of section 1717 under which an attorney's fees clause should be deemed reciprocal to the point of covering any action on the contract by the promisor plaintiffs against the promisee defendant in whose favor the clause was initially inserted."

In denying recovery of attorney fees, the court stated:

"Actually, there is nothing inherently wrong with contractually limiting the right to recover attorney's fees to certain instances rather than providing for them under all conditions. Indeed, an equally strong policy argument can

be made to support their restrictions. After all, would the *owner,* under this contract, expect to have to pay the *contractor's* attorney's fees as well as his own should the owner sue for failure to build in a workmanlike manner and lose? The language of the contract clearly appears to limit the owner's potential damages for attorney's fees only to suits over payment of the contract price. Plaintiffs could not have it both ways by claiming that under section 1717, the owner could recover his attorney's fees if successful in such a suit, because the clause must be interpreted liberally, and yet bar the contractor from recovering his attorney's fees if successful in the defense on the ground the contractual language does not extend to suits for breach of performance. Section 1717 was intended to 'transform a unilateral contract right to attorney's fees "into a reciprocal provision * * *." ' *(Associated Convalescent Enterprises v. Carl Marks & Co., Inc.,* 33 Cal. App.3d 116, 120, 108 Cal. Rptr. 782, 784.) Such language clearly means that to be applicable, both parties would have to be entitled to recover if successful in a particular suit arising under the attorney's fee provision." (Emphasis in original.) 167 Cal Rptr at 893-894.

The court concluded that the clear language of the contract operated to limit the claim for attorney fees only to claims for the unpaid balance due under the contract. 167 Cal Rptr at 893. The California court concluded:

"Here, the contractual language was clear, explicit and unambiguous in limiting attorney's fees to a certain kind of action. Neither accepted rules of contract interpretation nor policy grounds dictate that section 1717 should be used as a vehicle to transform this limited right into an unbounded right that could not have been reasonably contemplated or intended by the parties at the time of contracting." 167 Cal Rptr at 894.

ORS 20.096 must be construed with one pervasive principle in mind: the purpose of the statute is to achieve reciprocity and mutuality. The disfavored party is entitled to the same rights as the favored party, no more and no less. It follows that the disfavored party, by reason of the statute, is not entitled to more rights than the favored party. The statute should be construed so that reciprocity and mutuality result. If one changes the order of the sentences in ORS 20.096, the meaning of the statute becomes more apparent.

(1) "Where any contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties

(2) in any action or suit on [such] a contract

(3) the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

Two constructions of the statute are possible. One construction (the more liberal one) is that the phrase "to enforce the provisions of the contract" means "to enforce [any of] the provisions of the contract." The more restrictive construction is to construe the phrase "to enforce the provisions of the contract" to mean "to enforce a provision of the contract which allows attorney fees."

Under the liberal construction, if the contract contains (1) a provision for the allowance of attorney fees "to enforce the provisions of the contract" (and this contract contains one such provision), (2) "in *any* action or suit on [such] contract" (and this is an action or suit on such a contract), (3) "the prevailing party, whether that party is the party specified in the contract or not * * * shall be entitled to reasonable attorney fees * * *." The determinative words of the statute, under this analysis, are the words "in any action or suit on [such] contract." Under this analysis, if the contract contains *a* provision for the allowance of attorney fees, in *any* action or suit on the contract, the prevailing party is entitled to attorney fees.

The result is both mutual and reciprocal, for the prevailing party, whether favored or disfavored, gets attorney fees. In *any* action or suit on the contract, the prevailing party gets attorney fees.

The more restrictive construction is to limit the right to attorney fees to a claim which relates to a breach of the specific provision. Under this construction, before attorney fees would be recoverable, the claim would have to relate to a breach of the specific provision or the contract would have to contain a clause to the same effect as the words of the statute—language similar to the clause above—that attorney fees would follow "in case

suit or action is brought to enforce any of the provisions hereof." Such a construction is also consistent with the goal of the statute, insofar as mutuality and reciprocity are concerned.

The majority opinion suggests an "intermediate" construction, in which the right to attorney fees is determined by whether the disfavored party has but "one obligation." If the attorney fees provision permits the favored party to recover attorney fees from the disfavored party for breach of the latter's "one obligation," then the reciprocal right of the disfavored party is the entitlement "* * * to attorney fees in litigation to enforce *any* of the obligations of the [favored party]." (Emphasis added.)

The statute neither states, suggests nor implies that the disfavored party's right to attorney fees on a claim against the favored party is to be determined by whether the disfavored party has but one obligation, and if so, the disfavored party gets attorney fees from the favored party for a breach of any obligation. I believe that the statute must be construed either to restrict attorney fees to only the claim(s) referred to in the agreement (including the type of claim involved in *Webster v. General Motors Accept.,* 267 Or 304, 516 P2d 1275 (1973)), or to allow the recovery of attorney fees for any claim for breach of contract. I favor the more restrictive view for the reasons mentioned in the California case discussed above and for two additional important reasons. First, the statute itself suggests that reciprocity applies only to the assertion or defense of a contract claim as to which attorney fees are provided in the contract. *North Pacific* and *McMillan* support this conclusion. *See also, Webster v. General Motors Accept.,* 267 Or 304, 309, 516 P2d 1275 (1973). Second, it is important that parties have the freedom to limit or extend their contractual obligations as they see fit. It may be that parties to a contract may want to provide for attorney fees for some breaches and not others. A construction of ORS 20.096 which provides for attorney fees for any breach of contract when the contract provides for attorney fees for but one type of breach effectively restricts freedom of contract.

Let me illustrate. I think that the effect of applying ORS 20.096 to the contract at bar is to rewrite the contract clause, by operation of law, to read as follows:

"In case School brings suit or action for the collection of any amount not paid when due, the prevailing party shall be entitled to reasonable attorney fees in addition to costs."

Suppose that after extended negotiations, with both the school and the student represented by capable lawyers, the parties signed a contract containing that very clause. The effect of the majority opinion is to rewrite the contract, even though the contract is reciprocal and mutual, and even though that is what the parties intended. The effect of this construction effectively reduces the bargaining ability of the parties far beyond that which was intended by the legislature when ORS 20.096 was enacted.

The effect of the majority opinion is to rewrite the statute to read as follows:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce *a specific provision of the contract* shall be awarded to one of the parties, the other party shall be entitled to reasonable attorneys fees to enforce *any* provision of the contract * * *."

Such a result was not intended, operates to give one party an unfair advantage, and most importantly, restricts the freedom of persons to contract. An appealing case should not blind us to the detrimental aspects of the rule contained in the majority opinion.

Tongue and Tanzer, JJ., join in this dissenting opinion.