**STEIDLMAYER,**
*Appellant,*

*v.*

**SALISHAN PROPERTIES, INC. et al,**
*Respondents.*

(43139; CA A32435)

703 P2d 282

Charles S. Tauman, Portland, argued the cause for appellant. With him on the briefs was Willner, Bennett, Hartman & Tauman, P.C., Portland.

J. Philip Parks, Salem, argued the cause for respondents. With him on the brief was Parks & Bauer, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action to recover damages for defendants' alleged unreasonable delays in approving plaintiff's plans for the construction of a house on a site defendants leased to plaintiff for a 99-year term with perpetual options to renew. Plaintiff contends, *inter alia,* that defendants' actions violated provisions of the lease agreement. The trial court granted defendants a summary judgment. Plaintiff appeals. His first assignment is that the trial court erred by granting the summary judgment. The assignment and supporting argument are without merit and they require no discussion.

Plaintiff's second assignment is that the court erred in awarding attorney fees to defendants. The lease provides, as material:

"In the event [Salishan Properties, Inc.] shall bring any suit or action to enforce any covenant or condition contained herein * * *, Lessees will pay to Salishan, Inc. Salishan, Inc.'s costs and expenses incurred in connection with such suit or action including reasonable attorneys' fees."

Plaintiff argues that this action does not come within the attorney fee provision because "Salishan has brought no suit or action and is not attempting to enforce the lease." Defendants make two arguments in response. The first is that plaintiff sought attorney fees in his complaint and, under ORS 20.096(1),[1] defendants are therefore entitled to attorney fees because they, rather than plaintiff, prevailed. That argument is a nonsequitur. The mere fact that plaintiff *prayed* for attorney fees does not in itself mean that he would have been *entitled* to recover them had he been the prevailing party. Defendants' first argument makes as little sense as saying that the act of filing a complaint automatically gives a plaintiff the right to all the relief he seeks.

Defendants' second argument is that they are entitled to attorney fees under ORS 20.096(1) as the Supreme

---

[1] ORS 20.096(1) states:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

Court construed it in *Jewell v. Triple B. Enterprises,* 290 Or 885, 626 P2d 1383 (1981). In that case, a student at a barber college alleged that the school's termination of his enrollment violated the contract between them. The contract provided that the student was required to pay necessary attorney fees in connection with "the collection of any amount not paid when due," but did not provide for the recovery of attorney fees in connection with anything else. The Supreme Court held, over the dissent of three of its members, that the plaintiff was entitled to attorney fees after prevailing in the action. The majority concluded that the reciprocity policy of ORS 20.096(1) required that the plaintiff be able to recover attorney fees, although his action was not of a kind that the attorney fee provision of the contract specified. The majority reasoned that to hold otherwise would defeat the purpose of ORS 20.096(1) by enabling the party with the stronger bargaining position to contract for the allowance of attorney fees only in the kinds of actions that that party alone could bring. In dissent, Judge Peterson noted that it was not the purpose of ORS 20.096(1) to specify the kinds of actions in which attorney fees are recoverable; the statute requires only that the party that prevails be able to recover attorney fees in any action which the parties' contract makes subject to an award of attorney fees, even if the contract provides for recovery only by a particular party. Therefore, according to the dissent, both the policy and the letter of the statute would have been met in *Jewell* by concluding that attorney fees could be awarded only in actions to recover amounts unpaid when due, as long as whichever party was the prevailing one could receive the award.

By any reasonable estimation, defendants were the parties with the stronger bargaining position here. Their argument adds a new twist to the *Jewell* rationale. They do not seem to dispute that the action is not one to which the contractual attorney fee clause applies by its terms. However, they reason that, under *Jewell,* plaintiff would nevertheless have been entitled to recover attorney fees if he had been the prevailing party and, therefore, the reciprocity requirement of ORS 20.096(1) means that defendants, as the prevailing parties, are entitled to attorney fees. Stated somewhat differently, the effect of defendants' argument would be to give

them a right to attorney fees under circumstances they did not provide for in their own contract of adhesion.

Whether or not the Supreme Court in *Jewell* intended or necessarily fostered the perplexing application of ORS 20.096(1) that defendants urge, we think that there is a simpler solution here. This is not a case, like *Jewell,* in which the *kind* of action differs from the actions described in the attorney fee provision of the contract. Here, the action plaintiff brought is, at least in part, one "to enforce any covenant or condition contained" in the lease. That is the kind of action the attorney fee provision of the lease contemplates, although the provision refers only to such actions brought by Salishan, Inc. It is clear under *Jewell* that reciprocal recoverabilty of attorney fees is not contingent upon which *party brings* the action. Although the court had no occasion so to *state* in *Jewell,* its holding necessarily meant that the plaintiff could have recovered attorney fees if he rather than the school had sued successfully to collect amounts that were due and unpaid. It is unnecessary for us to decide whether *Jewell* also means anything beyond that which defendants suggest. The award of attorney fees was not error.[2]

Affirmed.

---

[2] The trial court awarded attorney fees to both defendants. Plaintiff does not argue separately that Salishan Leaseholders, Inc., was not entitled to attorney fees if Salishan Properties, Inc., was.