Argued and submitted October 9, 1995, reversed and remanded on appeal; affirmed on cross-appeal February 28, petition for review denied July 23, 1996 (323 Or 691)

QUALITY CONTRACTORS, INC.,
an Oregon corporation,
dba Fred's Contracting,
and Fred Janke,
*Appellants - Cross-Respondents,*

*v.*

Sandra K. JACOBSEN,
aka Sandy Jacobsen,
*Respondent - Cross-Appellant,*

*and*

BENEFICIAL OREGON, INC.,
an Oregon corporation,
dba Beneficial Mortgage Company,
*Defendant.*

(92-CV-0247-TM; CA A85614)

911 P2d 1268

Steven D. Bryant argued the cause for appellants - cross-respondents. With him on the briefs was Bryant, Emerson, Fitch & McCord.

Robert L. Nash argued the cause for respondent - cross-appellant. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiffs appeal from a judgment in a breach of contract action. The jury returned a verdict in plaintiffs' favor, and they assign error to the trial court's refusal to award them attorney fees under the contract. Defendant Jacobsen cross-appeals, assigning error to the denial of her attorney fees and her motions for directed verdict and new trial.[1] We reverse and remand on the issue of plaintiffs' attorney fees, and affirm on the cross-appeal.

Plaintiffs are building contractors who entered into a contract to remodel defendant's home. The written agreement is a one-page form contract provided by plaintiffs. The form has blanks on the front and pre-printed terms on the back, including a provision for attorney fees. During the project, disputes arose regarding plaintiffs' contractual obligations, and plaintiffs eventually brought a breach of contract action against defendant homeowner and her mortgage company. The jury returned a verdict for plaintiffs and awarded damages of approximately $1,500. Plaintiffs then sought an award of attorney fees under the contract's attorney fee provision, which states:

> "If either party becomes involved in litigation arising out of this Agreement, the court shall award costs, expenses including attorney fees to the party justly entitled to them."

Plaintiffs argued that as the prevailing party they were "the party justly entitled" to attorney fees. Although finding that plaintiffs prevailed, the trial court concluded that the "party justly entitled" did not mean "prevailing party," but rather that the phrase "allows the court to make a determination based on fairness and equity as to who should recover attorney fees." The court reasoned that both parties had succeeded in convincing the jury on some, but not all, of their claims, and thus neither was justly entitled to attorney fees.

---

[1] Plaintiffs settled their claims against defendant Beneficial Oregon, Inc., the homeowner's mortgage company, which is not a party to this appeal.

■　　　On appeal, plaintiffs assign error[2] to the trial court's failure to award them attorney fees under ORS 20.096, which provides, in part:

"(1)　In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5)　Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

Unless the express language of the contract provides otherwise, the statutory definition in ORS 20.096(5) applies to the term "prevailing party" or its equivalent in contractual attorney fee clauses. *Carlson v. Blumenstein*, 293 Or 494, 500 n 3, 651 P2d 710 (1982).

Plaintiffs first contend that a plain reading of ORS 20.096(1) required the trial court to award them attorney fees, because this is an action on a contract, and that contract specifically provides that attorney fees and costs shall be awarded to one of the parties — namely the "party justly entitled." Because the trial court found that they were the "prevailing party," plaintiffs reason, ORS 20.096(1) made an award of attorney fees mandatory.

■　　　Defendant responds that not all contractual provisions for attorney fees necessarily favor the "prevailing party." We agree. Under *Carlson*, if an attorney fee clause does not refer to the "prevailing party" or employ a similar term,[3] then the definition of "prevailing party" in ORS 20.096(5) does not apply. 293 Or at 500 n 3.[4] Furthermore,

---

[2] Plaintiffs actually raise two assignments of error. They contend, first, that the trial court erred in ruling that the contract did not provide for attorney fees to the prevailing party, and second, that the court abused its discretion in not awarding attorney fees to them as the prevailing party. Because these arguments are interrelated, we treat them as a single assignment of error for purposes of this opinion.

[3] In *Carlson*, the court held that the term "successful party" was the equivalent of "prevailing party." 293 Or at 499-500.

[4] Defendant claims that the contract's express language — "party justly entitled" — has a different meaning from that of the statutory definition of "prevailing party." We address that argument below.

ORS 20.096(1) is applicable only to contractual provisions awarding attorney fees to the "prevailing party" or its functional equivalent, not to *any* contractual clause awarding attorney fees to one of the parties. ORS 20.096(1) does not provide a separate source of attorney fees independent of the underlying contract. *McMillan v. Golden*, 262 Or 317, 321, 497 P2d 1166 (1972); *Harris v. Cantwell*, 47 Or App 211, 216, 614 P2d 124, *rev den* 290 Or 149 (1980).[5] If the contract here does not authorize attorney fees to the prevailing party, neither can ORS 20.096(1).[6] In other words, if the term "party justly entitled" does not mean "prevailing party," then plaintiffs are attempting to ground their claim for prevailing party fees solely on the statute. That is not allowed. *McMillan*, 262 Or at 321-22; *Harris*, 47 Or App at 216. Prevailing party fees must be authorized by the *contract* for the reciprocity requirement of the statute to become applicable.

Plaintiffs alternatively contend that the term "party justly entitled" is the functional equivalent of "prevailing party," thus invoking the mandatory language of ORS 20.096(1). Defendant, however, argues that "justly entitled" means that the award of attorney fees is subject to equitable considerations and therefore is discretionary. Because the parties rely on conflicting interpretations, our task is to construe that term.

■■ Construction of a contract, including whether a particular provision is ambiguous, is a question of law. *CH2M Hill Northwest, Inc. v. Parktel I, Inc.*, 107 Or App 461, 465, 812 P2d 840 (1991); *Mann v. Wetter*, 100 Or App 184, 188, 785 P2d 1064, *rev den* 309 Or 645 (1990). A contract provision is ambiguous if it has no definite meaning or is capable of more than one sensible and reasonable interpretation. It is

---

[5] ORS 20.096(1) was only intended to make one-sided attorney fee provisions reciprocal. *McMillan*, 262 Or at 320-21; *Harris*, 47 Or App at 216. Before the enactment of ORS 20.096, contracts often contained clauses allowing attorney fees to only one party, usually the party with superior bargaining power. ORS 20.096 now makes such contracts reciprocal by allowing both parties the same right to recover attorney fees. *Jewell v. Triple B. Enterprises*, 290 Or 885, 888, 626 P2d 1383 (1981).

[6] *See McMillan*, 262 Or at 321-22 (ORS 20.096 does not authorize attorney fees on appeal where contract provides for fees only at trial); *Harris*, 47 Or App at 216-17 (statute does not allow attorney fees in tort action where underlying contract allows fees only in collection or replevy action).

unambiguous if its meaning is clear enough to preclude doubt by a reasonable person. *Boehm & Co. v. Environmental Concepts, Inc.*, 125 Or App 249, 255, 865 P2d 413 (1993); *CH2M Hill Northwest*, 107 Or App at 465; *Mann*, 100 Or App at 188.

■    We have not found an Oregon case interpreting the term "justly entitled" in the context of a contractual provision for attorney fees.[7] Because plaintiffs and defendant offer plausible, conflicting interpretations, neither of which is so clear as to preclude doubt by a reasonable person, we conclude that the term "justly entitled" is ambiguous. *Thompson v. Bollinger, Hampton & Tarlow*, 118 Or App 700, 709, 849 P2d 526, *rev den* 317 Or 163 (1993); *Boehm*, 125 Or App at 255.

■    The question then becomes what the parties intended by agreeing to that term. *Boehm*, 125 Or App at 255; *Thompson*, 118 Or App at 709; *Mann*, 100 Or App at 188. If we cannot determine the parties' intent, we resort to the maxim of construing the ambiguous term against the drafter. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 470-71, 836 P2d 703 (1992); *Banister Continental Corp. v. NW Pipeline Corp.*, 76 Or App 282, 289, 709 P2d 1103 (1985), *vacated* 301 Or 763, 724 P2d 822 (1986).[8]

■■    Contractual intent is a question of fact, on which the parties may offer evidence. *Thompson*, 118 Or App at 709; *Mann*, 100 Or App at 188. We review the trial court's determination as to what the parties' intended for support by any competent evidence in the record. *Boehm*, 125 Or App at 255; *Thompson*, 118 Or App at 709. To determine intent, we look

---

[7] The contract in *Biomass One, L.P. v. S-P Construction*, 103 Or App 521, 799 P2d 152 (1990), contained an attorney fee provision referring to the "justly entitled party," but our holding did not require construction of that term. We are aware of only one other published opinion addressing similar language. In *Christensen v. Dewor Developments*, 33 Cal 3d 778, 191 Cal Rptr 8, 661 P2d 1088 (1983), the California Supreme Court presumed without discussion that a contractual provision granting attorney fees to the "party justly entitled" meant a mandatory award to the "prevailing party." 661 P2d at 1094. In the absence of meaningful analysis, however, we do not find *Christensen* sufficiently persuasive to hold that "justly entitled" is unambiguous.

[8] "Although the Supreme Court vacated our decision, it did so '[w]ithout expressing an opinion on the merits,' 301 Or at 764, and we reaffirm our reasoning in *Banister*." *Guinasso v. Pacific First Federal*, 89 Or App 270, 279, 749 P2d 577, *rev den* 305 Or 672 (1988).

to the language of the contract and other relevant circumstances. *Humbert Excavating, Inc. v. City of Pendleton*, 118 Or App 137, 142, 846 P2d 441, *on recons* 120 Or App 431, 852 P2d 932 (1993); *Erickson Hardwood Co. v. North Pacific Lumber*, 70 Or App 557, 564, 690 P2d 1071 (1984), *rev den* 298 Or 705 (1985); *Spooner v. Polk County*, 19 Or App 557, 562, 528 P2d 597 (1974).

The provision here is part of a preprinted form contract. Neither party offered evidence, and the trial court made no findings, as to what the parties intended by agreeing to it. We therefore confine our analysis to the language of the contract.

■ Defendant contends that the "party justly entitled" could be either, both, or neither party, depending on the equitable considerations involved. An attorney fee award, she reasons, is "essentially discretionary" under that term. The express language, however, states that "the court *shall* award costs, expenses including attorney fees to the party justly entitled to them." (Emphasis supplied.) Use of the word "shall," rather than "may," implies, at the least, an intent to make the award of attorney fees mandatory, not discretionary.

Furthermore, the provision refers to "*the* party justly entitled," rather than "*a* party justly entitled," indicating that the parties contemplated that *someone* would receive attorney fees. Under defendant's interpretation, however, it is possible that neither would receive such an award. We infer that, by agreeing to the provision here, the parties intended at least one side to recover its fees.

We conclude that plaintiffs' interpretation is more consistent with the language of the contract, and hold that the "party justly entitled" to attorney fees is the "prevailing party." ORS 20.096(1) therefore applies, making an award of attorney fees mandatory to that party. The trial court's finding that plaintiffs prevailed is supported by the record. We hold therefore that the court erred in denying plaintiffs their attorney fees, and remand for a determination of a reasonable amount.

On cross-appeal, defendant assigns error to the denial of her attorney fees and her motions for directed verdict and new trial. The forgoing analysis disposes of

defendant's attorney fees argument. Her directed verdict and new trial claims do not merit discussion.

On appeal, reversed and remanded for award of reasonable attorney fees to plaintiffs; affirmed on cross-appeal.