Submitted on record and briefs September 5, 2003, reversed and remanded
January 21, 2004

## BENCHMARK NORTHWEST, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## Prem SAMBHI
and Palwinder Singh,
*Appellants.*

## 16-99-10398; A119922

83 P3d 348

Joel S. DeVore argued the cause for appellants. With him on the brief was Luvaas Cobb.

No appearance for respondent Benchmark Northwest, Inc.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Defendants sought attorney fees that they incurred in successfully resisting plaintiff's motion to set aside a judgment in defendants' favor and in collecting on that judgment. The trial court denied defendants' request, and they appeal. We reverse.

Defendants executed a promissory note as part of an earnest money agreement for the purchase of property. Plaintiff later sued on the note, alleging that defendants had failed to make required payments. Defendants denied the debt. An arbitrator found in defendants' favor and awarded defendants attorney fees and costs. Plaintiff sought a trial *de novo* in the circuit court. Defendants again prevailed. In a supplemental judgment, the trial court awarded defendants costs and attorney fees totaling $8,035.60, including the fees incurred in arbitration. Those fees are not in contention.

Approximately two years later, plaintiff filed a motion to set aside the judgment and to stay collection. Defendants resisted the motion and also requested additional attorney fees incurred in that resistance, as well as collection costs incurred after the original judgment, including any future collection costs. After an evidentiary hearing, the court denied plaintiff's motion to set aside the judgment, but it also denied defendants' request for additional attorney fees and collection costs. Defendants appeal.

■ The promissory note at the center of this case contains the following attorney fees provision:

> "If this note is placed in the hands of an Attorney for collection, I/We promise to pay holders reasonable attorney fees and collection cost, even though no suit or action is filed, and shall also include a sum towards collection and judgment or relief awarded. The amount of such reasonable Attorney fees shall be fixed by the Court in which the suit or action, including any appeal therein, is tried, heard or decided."

On its face, that provision is one-sided: it provides for only plaintiff, as holder of the note, to receive attorney fees and

collection costs. Under ORS 20.096(1), however, the provision must be treated as reciprocal. That statute provides:

"In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

Defendants' entitlement to fees and collection costs in the original action and their claim for additional fees and costs arise from the combination of the promissory note provision and the statute.

■ As noted above, plaintiff did not dispute the award of attorney fees and costs incurred before judgment: *plaintiff's* action against defendants fell within the terms of ORS 20.096(1) in that it was "a claim * * * made * * * on a contract" that "specifically provides" for an award of "attorney fees and costs incurred to enforce the provisions of the contract."[1] Therefore, by operation of ORS 20.096(1), *defendants* were entitled to attorney fees because they prevailed against plaintiff's claim. The award is mandatory; the trial court has no discretion to deny it, although it does have discretion as to what amount is "reasonable." *U.S. Natural Resources, Inc. v. Gray*, 66 Or App 769, 773, 676 P2d 912, *rev den*, 297 Or 83 (1984).

Rather, plaintiff argued that defendants' entitlement does not extend to the costs of collection and the fees incurred in resisting the motion to set aside the judgment. Plaintiff contended that the fee provision in the note provided for fees only "in any appeal." The motion for relief from judgment, plaintiff asserted, was not an appeal; thus defendants were not entitled to fees. Defendants respond that the fee provision should be read broadly to include an entitlement to fees incurred in defending the original judgment and collecting on it. We agree with defendants.

---

[1] We refer to plaintiff's arguments in the past tense because plaintiff did not file a brief or otherwise appear before this court.

■■    In *Jewell v. Triple B. Enterprises, Inc.*, 290 Or 885, 888, 626 P2d 1383 (1981), the Supreme Court reviewed the legislative history of ORS 20.096(1) and concluded that the statute

> "was directed to the inequality of bargaining power which is so common in many commercial transactions. The purpose was to allow the buyer and the seller the same right to collect attorney fees despite onesided contractual provisions, and thereby equalize the rights of disfavored parties to adhesion contracts who lacked bargaining power."

(Internal quotation marks and citations omitted.) The purpose of the statute, in other words, is to put both parties to a contract on equal footing with respect to attorney fees. Thus, in *Jewell*, where the contract at issue provided that a barber college was entitled to fees incurred in collecting unpaid tuition, the court held that the student was entitled to fees incurred in his action for breach of contract despite the obvious fact that his action was not for collection of unpaid tuition. *Id.* at 889. The inference we draw is that ORS 20.096(1) is, as it is always called, a *reciprocity* statute, and it should be broadly construed. *Id.* at 888 (adopting "broader approach" in reciprocal attorney fees cases). Thus, the scope of defendants' attorney fees in this case should mirror the scope of plaintiff's fees, had it prevailed.

The fee provision itself dictates an award of "attorney fees and collection cost" and can include "a sum toward collection." The award is to be made by the court "in which the suit or action, including any appeal" is heard. Plaintiff is correct that a motion for relief from judgment is not the same as an appeal. Defendants, however, point out that "[t]he note covers the whole span of potential legal proceedings" and that "[n]either the note nor the statute envision that a motion for relief from judgment, or a motion to stay collection, is an exempt stage in the proceedings for which fees are *not* recoverable." (Emphasis in original.) We agree. The terms of the attorney fee provision referring to the stages at which attorney fees are recoverable are broad, encompassing costs incurred "even though no suit or action is filed," fees and costs incurred during a "suit or action," and any subsequent appeal, and "a sum toward collection and judgment or relief awarded." Had plaintiff prevailed at trial and incurred costs

and fees in attempting to collect on its judgment and in defending against an ORCP 71 B motion by defendants, we would conclude that plaintiff was entitled under the promissory note to costs and fees so incurred. Under principles of reciprocity, we therefore conclude that defendants are entitled to costs and fees in this case, and the trial court erred in denying them. We therefore reverse and remand to the trial court to determine the amount of reasonable attorney fees and costs.

Reversed and remanded.