NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

W.G. BARR MANAGEMENT, LLC, doing business as Two Pitchers Brewing Company,

No. 24-5321

D.C. No.
3:23-cv-02257-TSH

Plaintiff - Appellant,

v.

MEMORANDUM*

CONTEKPRO, LLC,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Argued and Submitted October 22, 2025
San Francisco, California

Before: MURGUIA, Chief Judge, FORREST, Circuit Judge, and R. COLLINS, District Judge.**

Appellant W.G. Barr Management, LLC, d/b/a Two Pitchers Brewing

Company ("Two Pitchers"), appeals the district court's (1) grant of summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

judgment in favor of Appellee ContekPro, LLC; (2) denial of attorneys' fees to Two Pitchers; and (3) award of attorneys' fees to ContekPro. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a grant of summary judgment de novo. *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* We review a district court's decision to award attorneys' fees for abuse of discretion. *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992). Under the abuse of discretion standard, the appellate court will affirm an award of attorneys' fees "unless the district court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1168 (9th Cir. 2024) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201–02 (9th Cir. 2013)). "We review whether the district court properly interpreted and applied the relevant state statute, however, de novo." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 833 (9th Cir. 2000).

1.      The district court did not err when it dismissed Two Pitchers' action as untimely. The contract provided that "[a]ny legal action with respect to any business transaction" must be filed within one year of accrual. The contract is

governed by Oregon law. Under Oregon law, a cause of action for any breach of contract for sale "accrues when the breach occurs, regardless of the aggrieved parties' knowledge of the breach." Or. Rev. Stat. § 72.7250(2) (2019). However, "[i]f independent injuries were caused by independent acts, each act is a separate breach, and the statute of limitations begins to run separately as to each alleged breach." *Ass'n of Unit Owners v. Far W. Fed. Bank*, 852 P.2d 218, 224 (Or. App. 1993) (citing *Alderson v. State*, 806 P.2d 142 (Or. App. 1991)).

For the purposes of this appeal, there are two incidents of breach at issue: the first in late 2020, when it became clear that the container would arrive months after its estimated delivery date; and the second in April 2021, when the non-conforming container was delivered. The instant litigation was not initiated until May 2023, more than a year after either date. Therefore, Two Pitchers can pursue neither breach.

Two Pitchers suggests we consider ContekPro's lack of response to the former's "claim for the cost of rectifying any issues" with the container as a *third* breach. The contract, however, imposes no reciprocal obligation on ContekPro in the event such a claim is filed. And even if it did, the remedy Two Pitchers seeks— damages for the cost of rectifying any issues—would not have been caused by ContekPro's failure to keep that obligation. *See Zehr v. Haugen*, 871 P.2d 1006, 1012 (Or. 1994); *see also Osmun v. Winters*, 35 P. 250, 252 (Or. 1894) ("In an

ordinary action for breach of contract the amount recovered is limited to the actual damages caused by the breach."). Therefore, the district court correctly concluded that ContekPro's action was untimely.

2.       Likewise, the district court's denial of Two Pitchers' request for attorneys' fees was not an abuse of discretion. The contract provided that ContekPro would be liable for attorneys' fees and costs if incurred "due to ContekPro's breach" of the terms of the contract. Two Pitchers asserts—without citation to authority—that an assertion of breach, independent of any legal finding, is enough to justify awarding attorneys' fees under the contract. This argument strains credulity. Under Oregon law, there is no "breach" until a plaintiff successfully proves "that there was a valid and enforceable contract in existence between the parties and that the defendant has breached the contract." *See Kornbrodt v. Equitable Tr. Co.*, 3 P.2d 127, 128 (Or. 1931). Because Two Pitchers' claim was untimely, it never proved the existence of a breach. Consequently, while its attorneys' fees and costs were incurred "due to" ContekPro's *alleged* breach, they were not compensable.

In addition, the attorneys' fees provision in the contract triggered Oregon Revised Statutes § 20.096(1) (2020), which provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract . . . .

Section 20.096(1) has been interpreted broadly by Oregon courts. "[W]henever a party to a contract that includes an attorney-fee provision brings 'the *kind* of action' that the attorney fee provision contemplates, attorney fees are available to the prevailing party . . . regardless of who brought the action." *Awbrey Towers, LLC v. W. Radio Servs.*, 278 P.3d 44, 51 (Or. App. 2012) (quoting *Steidlmayer v. Salishan Props., Inc.*, 703 P.2d 282, 283 (Or. App. 1985)). Two Pitchers argues that § 20.096(1) does not apply, citing *Quality Contractors, Inc. v. Jacobsen*, which recognized § 20.096(1) as "appl[ying] only to contractual provisions awarding attorney fees to the 'prevailing party' or its functional equivalent, not to *any* contractual clause awarding attorney fees to one of the parties." 911 P.2d 1268, 1270 (Or. App. 1996). Because the contract here referred only to "incur[ring] legal expenses" and "pursu[ing] legal remedies," Two Pitchers argues that it need not have prevailed on the merits to be entitled to attorneys' fees. But it ignores that *Quality Contractors* was quick to reject this narrow approach, explaining that a mere reference to "the party justly entitled" to fees was enough for § 20.096(1) to attach. *Id.* at 1271–72. This liberal interpretation of the statute was subsequently confirmed in *Benchmark Northwest, Inc. v. Sambhi*, which held that § 20.096(1) applied to a provision awarding attorneys' fees in any "suit or action" that "is tried, heard or decided" by a court. 83 P.3d 348, 349 (Or. App. 2004). It is enough, in other words, for the contract to refer to attorneys' fees so

long as it does not include any expression of an intention for those fees to be awarded on a basis *other* than whether the party seeking them is a "prevailing party." Thus, we conclude that an Oregon court would hold that § 20.096(1) applies to the attorneys' fees provision at issue here. Since the prevailing party statute applies, it automatically precludes Two Pitchers from recovering attorneys' fees, as it clearly was not the "prevailing party." *See* Or. Rev. Stat. § 20.077 (2020) ("[T]he prevailing party is the party who receives a favorable judgment . . . on the claim.").

This analysis also extends to the evaluation of ContekPro's request for attorneys' fees. ContekPro is the prevailing party because the district court granted its motion for summary judgment. Therefore, the district court appropriately awarded ContekPro's motion for attorneys' fees.

**AFFIRMED.**