Argued July 20, affirmed October 16, reconsideration denied by opinion, 37 Or App 773, December 26, 1978, petition for review denied January 23, 1979, 285 Or 73

BLISS, *Respondent,*

*v.*

ANDERSON et al, *Defendants,*

and

BECKLEY et al, *Appellants.*

(TC 77-2882, CA 10017)

585 P2d 29

Paul D. Clayton, Eugene, argued the cause for appellants. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Frank J. Barry, Eugene, argued the cause and filed the brief for respondent.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Three of the five defendants appeal a denial of attorney fees in a judgment based upon plaintiff's voluntary nonsuit as to them. Plaintiff sued in alternate counts for damages arising from fraudulent or negligent misrepresentation made by the other two defendants, Anderson and Richmond, in the course of the sale of plaintiff's restaurant.

We accept plaintiff's proof which we summarize as the facts on appeal. Richmond is Anderson's law partner. Anderson, as plaintiff's lawyer, represented him in negotiations for the sale of his restaurant and in a lawsuit against the buyer who refused to complete the negotiated purchase. Thereafter, Anderson presented plaintiff with an offer to purchase the restaurant by defendant-appellant ABA Investments, Inc. (ABA), a corporation to be formed for that purpose by Anderson and defendants-appellants Beckley and Alvarado, as one-third shareholders. Relying upon Anderson's advice that he was entitled to retain the $71,000 earnest money from the prior uncompleted sale, and being influenced to do so by Anderson, plaintiff accepted the offer from ABA although it was less than the reasonable market price. Thereafter, the lawsuit against the first buyer was settled for $1,500 rather than $71,000, which in turn spawned a dispute and finally a settlement between plaintiff and the new buyer, ABA. The voluntary nonsuit was allowed because there was no basis to hold defendants-appellants liable for the false statements of Anderson which constituted the cause of action.

In their petition below, defendants-appellants' claim of attorney fees was based both on the contract between plaintiff and ABA and the settlement agreement, each of which provided in broad terms for attorney fees to the prevailing party in any litigation arising from those agreements. It was denied because the cause of action arose from the inducement to contract, rather than from its breach. On appeal,

defendants-appellants' claim for attorney fees is based solely on ORS 20.096(1), which provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

This statute provides no independent basis for defendants-appellants' claim of attorney fees in this case. First, the purpose of the statute is merely to make one-way contract provisions for attorney fees reciprocal. Second, the statute is expressly applicable only to litigation "to enforce the provisions of the contract." This is not such a lawsuit. Plaintiff sued in tort for damages which arose from misrepresentation. There is neither a complaint nor a cross-complaint for enforcement of a contract or for damages for the breach of a contract. Hence the petition for attorney fees was properly denied.

Affirmed.