On respondent's petition for reconsideration filed November 13, petition for reconsideration denied December 26, 1978

See also 36 Or App 559, 585 P2d 29, petition for review denied January 23, 1979

BLISS, *Respondent,*
*v.*
ANDERSON et al, *Defendants,*
and
BECKLEY et al, *Appellants.*

(TC 77-2882, CA 10017)

588 P2d 112

Frank J. Barry, Eugene, for petition.

No appearance contra.

TANZER, J.

**TANZER, J.**

Respondent petitions for reconsideration of our decision affirming a denial of attorney fees. *See, Bliss v. Anderson,* 36 Or App 559, 585 P2d 29 (1978). The opinion of the court was based upon appellants' sole reliance on appeal upon ORS 20.096 as the basis for their claim of attorney fees. The petition asserts that appellants rely upon the provisions of the contract between plaintiff and ABA and of the settlement agreement and that the statutory reference was made only as a means of defining "prevailing party" as used in those contracts. [1] The contract contains this provision:

> "Attorney's Fees. In case litigation is instituted, arising directly or indirectly out of this contract the losing party shall pay the prevailing party his reasonable attorney's fees, including attorney's fees on appeal."

The settlement agreement contained this provision:

> "In the event any action or suit is brought by any party to this agreement, then in that event, in addition to such court costs as may be adjudged, it is agreed that there shall be awarded or paid to the prevailing party, reasonable attorney's fees in said action or suit, and also upon appeal therefrom."

The contract provision is general and the settlement provision is open-ended. In either case, the provisions must be construed to require the basis for their operation that the lawsuit be for the enforcement of the contract or for damages for breach of the contract. As was pointed out in the original opinion, this law-suit involves neither the enforcement nor the breach of the contract or settlement agreement. Thus the provisions are ineffective. Reliance upon ORS

---

[1] Respondent's interest in establishing this point is to establish his own entitlement to attorney fees on appeal. If his argument is valid, however, appellants should have won the appeal and received attorney fees from respondent in both the trial court and on appeal. Respondent's efforts at this stage are, to say the least, puzzling.

20.096(1) for definitional or other purposes adds nothing to the hollow contractual claim.

Petition for reconsideration is denied.