Argued and submitted March 14,
affirmed July 21, reconsideration denied August 26,
petition for review denied November 10, 1980 (290 Or 149)

HARRIS,
*Respondent - Cross-Appellant,*
*v.*
CANTWELL,
*Appellant - Cross-Respondent.*
(No. 78-0967 L, CA 14857)
614 P2d 124

[211]

Robert Thomas and Kelly L. Andersen, Klamath Falls, argued the cause and filed the briefs for appellant - cross-respondent.

James A. Arneson, Roseburg, argued the cause for respondent - cross-appellant. With him on the briefs was Arneson & Wales, Roseburg.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Defendant appeals a judgment based on a jury verdict in favor of plaintiff in an action for conversion of a semi-tractor. He contends the court erred in not directing a verdict in his favor; in submitting a verdict form to the jury which allowed an award of damages for loss of use of the tractor; and in allowing evidence of the purchase price of the tractor three years prior to the conversion. Plaintiff cross-appeals the denial of his request for attorney's fees.

In September, 1976, plaintiff purchased the semi-tractor from defendant on contract. The contract set forth a payment schedule, a clause providing that "time is of the essence" and a provision allowing the seller to repossess the tractor in the event of default. Plaintiff was late making certain payments and made one payment by a check which was dishonored at the bank. The parties had some communication regarding the late payments and disagreed as to the amount which was overdue.

Defendant determined that he would repossess the tractor. On April 15, 1978, he went to plaintiff's residence and found the tractor connected to a loaded trailer parked in front of plaintiff's residence. Defendant had requested the assistance of two city police officers who accompanied him to the residence. Defendant testified that he used his set of keys to unlock the truck and start the engine. He stated that he had his wife get into the truck and keep the engine running while he disconnected the loaded trailer. He testified that plaintiff came out of the house as defendant was disconnecting the trailer and a verbal altercation ensued involving plaintiff and the police officer. Plaintiff went back into his home and defendant drove away in the tractor. Plaintiff testified that no one was in the tractor when he came out of the house.

Plaintiff's cause of action alleged conversion and sought damages for the value of the tractor and

special damages for loss of its use from the date of the alleged conversion. Defendant in his answer alleged the terms of the contract; that plaintiff had breached the contract by failing to make timely payments and that consequently he had the right under the contract to repossess the tractor. He also asked for attorney's fees as provided in the contract.

Plaintiff replied alleging that defendant waived his right to repossess without notice, that he was estopped from repossessing the vehicle and that the repossesion was unlawful because defendant had committed a breach of the peace in carrying out the repossession. ORS 79.5030.

At the close of the trial defendant moved for a directed verdict on the ground that he had not breached the peace because he had taken peaceful possession of the tractor before plaintiff confronted him and the officers. He made no motions regarding plaintiff's theories of waiver and estoppel. The motion was denied and the case was submitted to the jury with instructions regarding plaintiff's theories of waiver, estoppel and breach of peace.

■ Defendant's first assignment is that the court erred in denying his motion for directed verdict on the issue of breach of peace. Although phrased in terms of a motion for directed verdict, defendant's request was essentially one to remove the breach of peace theory from the jury's consideration. The trial court, in denying the motion, stated that there was an issue of fact posed by the conflicting testimony of plaintiff and defendant. Defendant argues that under *Westerman v. Oregon Credit Corp.,* 168 Or 216, 122 P2d 435 (1942), as a matter of law he had taken possession of the truck prior to any breach of the peace and was entitled to a directed verdict.

We conclude, as did the trial court, that there was a question of fact for the jury regarding when defendant took possession of the tractor in relationship to the confrontation with plaintiff.

[214]

In his second assignment defendant contends the court erred in denying his motion to strike plaintiff's claim for damages for loss of use of the tractor. He argues that as conversion is, in essence, a "forced sale" of the property, plaintiff is not entitled to be compensated for the value of the truck, and also for not having use of it during the interim from the conversion to the trial.

■ Special damages for loss of use are recoverable in a conversion action. *Preble et al v. Hanna,* 117 Or 306, 244 P 75 (1926); *Singer v. Pearson-Page Co.,* 58 Or 526, 115 P 158 (1911).

■ Following denial of defendant's motion to strike the claim for loss of use, defendant's counsel stated:

> "I believe if the Court is going to allow that there should be an instruction on mitigation of damages."

Defendant did not submit a form of instruction on mitigation but contends that the court erred in failing to give an instruction on mitigation. Assuming, for the purpose of argument, that an instruction on mitigation was proper, defendant did not submit a form of instruction and we decline to review the merits of the assignment.

■■ Defendant's third assignment concerns evidence of the valuation of the tractor. Damage for conversion is the difference between the fair market value of the converted chattel and the outstanding debt. *Hall v. Work,* 223 Or 347, 354 P2d 837, 366 P2d 533 (1960). Evidence of the value a reasonable time prior to and subsequent to the conversion is admissible. *Austin v. Vanderbilt,* 48 Or 206, 85 P 519, 120 AS 800, 6 Lns 298 (1906).

■ Plaintiff testified that the value of the tractor was between $30,000 and $35,000. The contract price was $35,300 Defendant estimated the current value to be less than $15,000 and presented evidence that the tractor had substantially deteriorated since the sale.

On cross-examination, defendant, over his objection, testified that he paid $43,000 for the tractor in January 1975. The court admitted the testimony for what it was worth. There was no abuse of discretion.

Plaintiff cross-appeals denial of his request for attorney's fees. He contends that because defendant pleaded a right to repossess the tractor under the terms of the contract, and because plaintiff prevailed on that defense, he is entitled to attorney's fees pursuant to a provision of the contract that provides:

> "5.2 In the event suit or action is instituted to collect any sum or sums or money due hereunder or to replevy said vehicle, the losing party therein agrees to pay, in addition to the statutory costs and disbursements, (1) the prevailing party's reasonable attorney's fees to be fixed by the trial court and (2) on appeal, if any, similar fees in the appellate court to be fixed by the appellate court."

Plaintiff also cites ORS 20.096 as a basis for an award of attorney's fees.

In *Bliss v. Anderson,* 36 Or App 559, 585 P2d 29, 37 Or App 773, 588 P2d 112 (1978), *rev den* 285 Or 73 (1979), we held that ORS 20.096 provides no independent basis for attorney's fees and that the purpose of the statute is to make one-way contract provisions for attorney's fees reciprocal. If the contract between the parties makes no provision for attorney's fees they are not recoverable under ORS 20.096. The parties by their agreement may limit the right of the prevailing party to recover attorney's fees to certain instances. *See Tindula v. Bauman,* 271 Or 383, 532 P2d 785 (1975).

The attorney's fee provision of the contract limited recovery of fees to instances where a suit or action was instituted to collect sums of money due under the contract or to replevy the vehicle. Plaintiff's cause of action was in tort. Defendant alleged as an affirmative defense that plaintiff had breached the contract by failing to make the required payments and

that he had a right to repossess the vehicle pursuant to the contract. The contract only became an issue incidental to defendant's defense. This was not an action instituted to collect sums of money due or to replevy the vehicle. Plaintiff prevailed in his tort action and incidentally prevailed on the defense. But we do not construe the agreement of the parties as providing for attorney's fees in this situation.

Affirmed.