Argued and submitted June 18, affirmed September 29,
reconsideration denied November 6,
petition for review allowed December 23, 1980

WILSON, et ux,
*Appellants - Cross-Respondents,*
*v.*
MATTHEWS, et al,
*Respondents - Cross-Appellants.*

(No. 77-2246, CA 14463)

617 P2d 302

Stanton F. Long, Eugene, argued the cause for appellants - cross-respondents. With him on the briefs were Johnson, Harrang, Swanson & Long, and Timothy J. Sercombe, Eugene.

Gerald R. Pullen, Roseburg, argued the cause and filed the brief for respondents - cross-appellants.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiffs, lessors, filed a forcible entry and detainer action (FED) in the Circuit Court of Douglas County, seeking possession of certain commercial real property and improvements from defendants, tenants, based upon plaintiffs' contention that the parties' lease had been terminated by defendants' failure to pay real property taxes as required by the terms of the lease. Defendants answered, denying they breached the terms of the lease and raising defenses of waiver, estoppel and forfeiture. Defendants also requested $1500 as attorneys' fees based upon the provisions of the lease. In defendants' second amended answer, defendants, for the first time, also alleged that they had exercised the purchase option provision of the lease and requested a deed of conveyance.

The trial court found against plaintiffs on the merits of the case and dismissed plaintiffs' FED action with prejudice. The trial court also denied defendants their requested relief, stating:

"Tenants seek attorney fees under the lease. The Court is of the opinion that defendants have failed to sustain their burden of proof on their counterclaim for alleged breach of the option provision of the lease. So in a sense, neither party is 'the prevailing party' in this litigation within the meaning of the lease. Each should thus pay his own litigation costs."

Plaintiffs appeal the dismissal of the FED action. Defendants cross-appeal, contending the trial court erred in not granting specific performance and in not awarding attorney fees to defendants.

We will not address the issue of whether the trial court should have granted plaintiffs' relief on the merits pursuant to plaintiffs' FED action as the trial court was without subject matter jurisdiction to hear the FED action. District courts have exclusive jurisdiction to hear FED actions. ORS 46.060(1)(e).[1] *See Ingersoll v. Mattson,*47 Or App 463, 614 P2d 1197 1980).

---

[1] ORS 46.060(1)(e) provides:

Furthermore, the trial court did not acquire jurisdiction because the parties acquiesced in having a circuit court hear the matter. Parties cannot stipulate to jurisdiction where, as here, jurisdiction is provided by statute. *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977). Dismissal of the FED action was proper in this case.

█    We turn now to the issue of whether the defendants were entitled to the remedy of specific performance.[2] The lease's purchase option provision states:

> "In order to exercise said option Tenant must give written notice thirty (30) days prior to the consummation of the said sale. The purchase price for said real property sale shall be mutually agreed upon between the parties but is not to exceed Three Hundred Thousand Dollars ($300,000.00).* * *"[3]

In order to exercise the option, defendant Gossett testified that a letter was sent to plaintiffs indicating that defendants wanted to exercise their option. This letter was not introduced into evidence. Defendants did not tender $300,000, or any sum as the purchase price. Defendants did not produce evidence that

---

"Except as provided in subsection (2) of this section, the district courts shall have exclusive jurisdiction in the following cases:

"* * * * *

"(e) To hear and determine actions of forcible entry and detainer."

[2] Defendants do not raise the question of whether defendants were entitled to damages for plaintiffs' alleged breach of the option provision of the lease.

[3] The purchase option provision states further that:

"In the event that the parties are unable to agree within sixty (60) days after receipt of said notice by Landlord, then each party shall select an appraiser of the said real estate and the two appraisers shall meet and attempt to agree upon the fair market value of said real estate. In the event that the said appraisers are unable to so agree, the two appraisers shall decide upon a third appraiser and the purchase selected by a vote of two of the three appraisers shall be accepted by both parties. Five hundred fifty dollars ($550.00) of the aggregate rent paid monthly and each month by Tenant from the inception of this lease shall be applied against the said purchase price and reduce the amount thereof."

an offer to tender any sum was made to plaintiffs. Defendants also did not produce evidence at trial that they had any source for financing the purchase or that they otherwise had sufficient funds. Instead, defendant Gossett testified that loan approval for the purchase of the property had been withdrawn by the bank. Plaintiff Lloyd Wilson testified that he considered the lease terminated and had therefore refused to perform.

■ Although plaintiffs' repudiation of the lease and its option provision may have excused defendants from tendering the purchase price or even from offering to perform, defendants were not excused from proving that at the time of trial, they were able, willing and ready to perform. *Gaffi v. Burns,* 278 Or 327, 333, 563 P2d 726 (1977). Since defendants did not prove that they were able and ready to perform under the contract, they were not entitled to the remedy of specific performance.

The final issue in this appeal relates to the trial court's failure to award attorney fees. Defendants contend that they are the prevailing party and the court erred when it declined to find that at least one of the parties was the prevailing party and entitled to attorney fees. Defendants rely on *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978).

In *Marquam Investment Corp. v. Myers,* we stated that there can be only one prevailing party for purposes of the award of attorney fees, even where there is a counterclaim involved. Defendants argue from this proposition that the trial court had to declare one party the prevailing party and award attorney fees where, as here, the contract language provides that the court *shall* award fees to the prevailing party.[4] In

---

[4] The lease provides that:

"If suit or action is instituted in connection with any controversy arising out of this lease, the prevailing party shall be entitled to recover in addition to costs such sum as the court may adjudge reasonable as attorney fees, including all appellate court fees and costs."

*Lawrence v. Peel,* 45 Or App 233, 243, 607 P2d 1386 (1980), this court discussed *Marquam,* stating:

> "Although *Marquam* involved a statute giving the court discretion in awarding attorney's fees to the prevailing party, and the contract provision here provides that the court *shall* award such fees to the prevailing party, it does not follow that fees must be awarded. If both parties prevailed, or neither of them prevailed, an award of attorney's fees would not be appropriate or required."

■ In this case, since plaintiffs were unsuccessful in their FED claim and defendants were unsuccessful in their counterclaim for specific performance, neither prevailed and the trial court was correct in not awarding attorney fees.

Affirmed.