Argued and submitted November 7, 1980, affirmed March 9,
reconsideration denied May 21,
petition for review denied June 16, 1981 (291 Or 118)

BAHR,
*Appellant,*
*v.*
STATESMAN JOURNAL COMPANY, et al,
*Respondents.*

(No. 114671, CA 17143)

624 P2d 664

Dennis Sarriugarte, Independence, argued the cause and filed the brief for appellant.

Edward L. Clark, Jr., Salem, argued the cause for respondent. With him on the brief was Clark, Marsh & Lindauer, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Plaintiff appeals the trial court's granting of a motion to dismiss his defamation complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21(a)(8). We affirm.

Plaintiff was a candidate for Marion County Commissioner in September, 1978, and as such was interviewed by defendant Rede, an employee of the defendant newspaper. During this interview plaintiff was asked about a conviction for embezzlement which had occurred in 1964. Because the crime had been expunged pursuant to ORS 137.225(1),[1] plaintiff replied that he had not been convicted of a crime. The newspaper then reported that

"* * * Bahr refuses to discuss his 1964 conviction on an embezzlement charge * * *. Bahr served a four month jail sentence following his conviction, but contends, 'I have no record of convictions. My record is clean. I have never been convicted of embezzlement.'"

Plaintiff's complaint alleges that defendant Rede knew or should have known that all record of the crime of embezzlement had been expunged and that as a matter of law he could state that he had never been convicted of a crime; that defendants' acts "were done with malice and for the purpose of humiliating plaintiff and to cause damage to his political campaign by the innuendo of dishonesty * * *;" that plaintiff requested defendant "not publish a retraction because the election was near at hand and inferred that further publicity would be to his detriment."

Plaintiff does not argue that defendant falsely published plaintiff's conviction of a crime; plaintiff's complaint admits the conviction. Plaintiff argues instead that he was defamed by the manner in which the information about the former conviction was presented in the newspaper, that is, that it represented him as a liar because it did not state that the conviction had been expunged and that

---

[1] ORS 137.225(1) provides:

"At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction."

plaintiff could, pursuant to ORS 137.225(3) and (4),[2] legally answer as he did.

■     ORS 137.225 is a statute under which a privilege can be conferred upon persons convicted of certain crimes — the privilege to act, and answer, in the future as if their conviction had never occurred. The statute was enacted to enhance employment and other opportunities for such formerly convicted persons. It was intended to remove the stigma associated with the conviction of a crime and to give those individuals another chance, so to speak, unencumbered by that stigma. The statute does not, however, impose any duty on members of the public who are aware of the conviction to pretend that it does not exist. In other words, the statute authorizes certain persons to misrepresent their own past. It does not make that representation true. ORS 137.225(8) provides that:

> "For purposes of any civil action in which truth is an element of a cause of action or affirmative defense, the provisions of section (3) of this section providing that the conviction, arrest or other proceeding be deemed not to have occurred shall not apply * * * "

■     It is axiomatic that "truth" is a complete defense in a defamation case. Had plaintiff's complaint been framed consistently with his interview statement to the reporter

---

[2] ORS 137.225(3) and (4) provide:

"(3) Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as it deems proper. If the court determines that the circumstances and behavior of the applicant from the date of conviction to the date of the hearing on the motion warrant setting aside the conviction, it shall enter an appropriate order which shall state the original arrest charge and the conviction charge if different from the original, date of charge, submitting agency and disposition. The order shall further state that positive identification has been established by the bureau and further identified as to state bureau number or submitting agency number. Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest resulting in the criminal proceeding.

"(4) The clerk of the court shall forward a certified copy of the order to such agencies as directed by the court. A certified copy must be sent to the Corrections Division when the person has been in the custody of the Corrections Division. Upon entry of such an order, such conviction, arrest or other proceeding shall be deemed not to have occurred, and the applicant may answer accordingly any questions relating to their occurrence."

that he had never been convicted (based upon the expungement statute) defendant would be entitled to allege truth as an affirmative defense under ORS 137.225(8). Instead, plaintiff, possibly to avoid that result, took the position that although he had been convicted, he was entitled by statute to say that he had not and that, therefore, defendant's publication gave the false impression that he had lied.

■■    While plaintiff was entitled to deny his conviction under ORS 137.225(3) and (4), defendant, in this civil defamation case, was entitled to rely upon the fact that a conviction did occur as a defense under ORS 137.225(8). Because plaintiff admitted in his complaint that he had been convicted, two things follow from the allegations of the complaint and the provisions of ORS 137.225(8). First, that defendant's statement that plaintiff had been convicted was true and, secondly, that it was true that plaintiff had lied in denying his conviction, despite the fact the lie was authorized by statute. Since these matters constituting a complete defense to plaintiff's claim appear on the face of his complaint, the motion to dismiss was properly allowed. *Adair Adm'x v. Valley Flying Service,* 196 Or 479, 484, 250 P2d 104 (1952).

Affirmed.