Argued and submitted January 17, reversed and remanded
with instructions October 12, 1983

ROSS,
*Respondent,*

*v.*

CAGLEY et al,
*Appellants.*

(16-80-05660; CA A23967)

670 P2d 190

Kurtis M. Lombard, Eugene, argued the cause for appellants. With him on the briefs were David Brewer and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Thomas Craig Thetford, Eugene, argued the cause for respondents. With him on the brief were Steven L. Philpott and Armstrong, McCullen, Percy & Philpott, P.C., Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff sold a parcel of land to defendants, retaining an adjoining parcel. He subsequently brought this action to have declared his right to continue to use a well on defendants' parcel. The trial court awarded plaintiff the right to use the well and awarded defendants damages on a counterclaim. The trial court also awarded plaintiff attorney fees, on the authority of a provision in the contract of sale between the parties. It is the award of attorney fees that defendants contest in this appeal.

Plaintiff's amended complaint alleged four different "causes of suit." The first sought reformation of the contract of sale to include an easement allowing him exclusive water rights and a right of access to the well on defendants' property, alleging that the actual intent of the parties was that he was to have had such rights but that they had omitted to include them in the contract because of a mistaken reliance on a reservation in a deed in plaintiff's chain of title. The second sought a declaratory judgment that an implied easement for the well existed in favor of plaintiff's property from plaintiff's continuous use of it. What he claimed, in effect, was that an easement for the well, access to it and water from it was appurtenant to his property, the dominant estate, after the sale to the defendants of their parcel, which became the servient estate. The third asked that defendants be enjoined from interfering with plaintiff's use of the well. The fourth asked for rescission of the contract of sale.

Defendants counterclaimed, alleging that they purchased the property in reliance on plaintiff's representation that the property included rights to a second well. The second well turned out to be located on a third parcel, also adjoining the parcel sold to defendants, which plaintiff sold to a third party. Defendants alleged that, as a result of plaintiff's representation, they were required to undertake legal proceedings to secure rights to the second well and prayed for the cost of that litigation as damages.

The trial court dismissed plaintiff's claims for reformation and rescission but granted him an easement across defendants' property for use of the well. The trial court also found for defendants on their counterclaim for misrepresentation and awarded them $1,776. The court made numerous

findings of fact, among them that defendants knew at the time of sale that the disputed well was plaintiff's sole source of water and that plaintiff claimed the right to retain its use; that the defendants never used the well claimed by plaintiff, but only the second well located on the adjoining property; and that plaintiff recklessly misrepresented to defendants at the time of sale that they would be entitled to exclusive use of the second well.

Plaintiff relies on the following contract provision as authority for the award of attorney fees:

> "The prevailing party in any suit, action or proceeding brought to enforce any right or determine any dispute between the parties hereto shall be awarded reasonable attorney fees as shall be set in each trial and appellate court by a judge thereof."

In *Bliss v. Anderson,* 36 Or App 559, 37 Or App 773, 585 P2d 29, 588 P2d 112 (1978), *rev den* 285 Or 73 (1979), we held that such provisions, albeit general and open-ended, "must be construed to require [as] the basis for their operation that the lawsuit be for the enforcement of the contract or for damages for breach of the contract." 37 Or App at 775. Plaintiff sought neither enforcement of the contract nor damages for its breach, but to have certain rights declared which had not been made part of the contract but which, instead, existed between the dominant and servient estates after the conveyance. Plaintiff's suit for reformation of the contract to include what the parties intended but omitted to include was dismissed, a decision plaintiff does not contest. Instead, the trial court awarded plaintiff an easement by implication, an easement which is more accurately described as "law created rather than grantor created." *Dressler et al v. Isaacs et al,* 217 Or 586, 600, 343 P2d 714 (1959).[1]

Reversed and remanded with instructions to delete the award of attorney fees.

---

[1] We also note that, even if the easement established here were sufficiently incidental to the contract to justify an award of attorney fees, there is considerable doubt whether plaintiff can be described as the "prevailing party." If plaintiff got what he was after, it was only at the cost of being required to deliver to defendants that which the contract required him to deliver but which he had wrongfully withheld, *i.e.,* the rights to the second well. *See Wilson v. Matthews,* 48 Or App 491, 617 P2d 302 (1980), *aff'd* 291 Or 33, 628 P2d 393 (1981).