Cal WORTHINGTON,
Plaintiff-Appellant,

v.

Robert LICK and Nancy Lick, individual-
ly and dba Lick Farms; and Baker Mill
and Grain Company, an Oregon corpo-
ration, Defendants-Appellees.

No. 85–3500.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1985.

Decided Feb. 28, 1986.

As Corrected May 13, 1986.

Henry C. Lorenzen, Corey, Byler, Rew,
Lorenzen & Hojem, Pendleton, Or., for
plaintiff-appellant.

W. Eugene Hallman, Mautz, Hallman &
Teicher, Pendleton, Or., for defendants-ap-
pellees.

Before GOODWIN and FARRIS, Circuit
Judges, and STEPHENS *, District Judge.

PER CURIAM.

Cal Worthington sued Robert Lick for
damages and restitution arising out of cus-
tom farming work which Lick performed in
1982 on Oregon land owned by Worthing-
ton. Lick counterclaimed and prevailed on
the counterclaim. Worthington appeals the
award of attorney fees to Lick. We affirm.

Worthington's original complaint alleged
a number of theories to support his claim
that Lick owed Worthington more money
than Worthington owed Lick. One theory
was breach of a written contract made in
1981; another was negligence in farming
and marketing the wheat crop. There was
a count for conversion of the proceeds of
the sale of the crop. Worthington also
alleged common counts of assumpsit for
money had and received.

Under Oregon law, one who sues on a
contract that provides for attorney fees for

---

* The Honorable Albert Lee Stephens, Jr., Senior
United States District Judge for the Central Dis-
trict of California, sitting by designation.

the prevailing party may be liable to pay attorney fees to his adversary if he should lose the case. Or.Rev.Stat. 20.096(1), (5). The district court eventually found that Worthington owed Lick more than Lick owed Worthington, and assessed attorney fees under the statute. The correctness of that ruling in this diversity case is a matter of Oregon law.

Worthington argues that no matter how the case began, it ended by the court balancing the accounts between the parties, as in an accounting in a court of equity. Thus, claims Worthington, the 1981 contract dropped out of the case and made attorney fees not allowable. Worthington conceded that the original farming contract between the parties provided for attorney fees to the "prevailing party." But Worthington now denies that the original custom farming contract was still in existence at the time the current dispute arose. He argued in the trial court and again here that after the 1981 crop year Lick had merely continued to farm from year to year under an implied contract which obviously contained no provision for attorney fees or for any other specific allocation of risks and benefits.

Worthington argues in summary that we should reverse the award of attorney fees because (1) the claims raised in his complaint were not based in contract, (2) the judgment entered in favor of Lick was based on *quantum meruit* and was not a recovery under the contract, and (3) he prevailed on his conversion claim so Lick was not the "prevailing party." The record, however, fails to support these assertions. The district court ruled that the case arose out of the 1981 contract which Worthington had originally pled, and that under Oregon law Lick was the prevailing party and entitled to fees.

We review the district court's ruling on attorney fees for abuse of discretion. *See International Association of Machinists and Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir.1985).

■ Under Oregon law, where a plaintiff's cause of action is in tort, even if the defendant raises a contract issue as an affirmative defense, no recovery of attorney fees is allowed because the contract is only an incidental issue. *Harris v. Cantwell*, 47 Or.App. 211, 216–17, 614 P.2d 124, 126–27 (1980). Worthington says the contract was merely incidental in this litigation. However, Worthington's original complaint and his amended complaint both alleged breach of contract claims. In addition, the parties admitted the existence of the 1981 contract in the pretrial order. The jury considered the effect of the 1981 contract in its special verdict. The record establishes that the contract was the basis for the farming operation, from which the lawsuit arose. The contract provided for attorney fees and Or.Rev.Stat. 20.096(1) allows an award of attorney fees to the prevailing party. Because Worthington sued on the contract among other claims, and lost, Lick is entitled to recover attorney fees. *See e.g., Golden West Insulation Inc. v. Stardust Investment Corp.*, 47 Or. App. 493, 507, 509, 615 P.2d 1048, 1056, 1057 (1980); *Bliss v. Anderson*, 36 Or.App. 559, 562, 585 P.2d 29, 31 (1978).

■ Worthington also argues that attorney fees should not be granted because he prevailed on the conversion claim, and Lick prevailed only on his counterclaim for *quantum meruit* not on any contract claim. This argument is also without merit. Although presenting several theories of recovery, the action was a single lawsuit. The court entered judgment for Lick, following the jury verdict in Lick's favor. Lick was the only "prevailing" party because he was "the one who receive[d] the net award," and was "that party 'in whose favor final judgment or decree [was] rendered.'" *Pelett v. Welch*, 71 Or.App. 761, 763, 694 P.2d 574, 575 (1985) (citing Or.Rev.Stat. 20.096(5)).

We decline to address the other issues argued and briefed by the parties in this appeal as they do not address the controlling question.

The district court followed Oregon law and properly exercised its discretion in fixing the amount of fees.

AFFIRMED.