Submitted on remand from the Oregon Supreme Court April 15, judgment modified, remanded with instructions to delete attorney fees; otherwise affirmed May 27, 1987

RELATIONAL SYSTEMS INTERNATIONAL
CORPORATION,
*Appellant,*

*v.*

CABLE,
*Respondent.*

(150,193; CA A35518)

737 P2d 645

Mark L. Zipse, Portland, appeared for appellant. With him were Peter R. Chamberlain, and Bodyfelt Mount Stroup & Chamberlain, Portland.

James M. Callahan, Portland, appeared for respondent. With him was Bittner & Barker, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This case is before us on remand from the Supreme Court for the limited purpose of a determination of the attorney fees issue, which, because of our original disposition of this case, *Relational Systems International v. Cable,* 79 Or App 712, 720 P2d 402 (1986), we did not address in our previous opinion.

Plaintiff brought this action for property damages caused by defendant's negligent design and construction of the building which he owns and in which plaintiff was a tenant. The lease contained a "Waiver of Subrogation" clause on which defendant relied for his defense. Defendant contended that, pursuant to the waiver provision, he was not liable for a loss arising out of damage to the leased premises or the contents thereof, when the loss is caused by any of the perils which are or could be insured against by a standard form of fire insurance. Plaintiff alleged that the damages caused by he fire that burned his property were a result of defendant's negligent construction and design of the building and that, therefore, the lease provision did not apply. The trial court entered summary judgment for defendant on the basis of the lease waiver clause. In our original opinion, we reversed the trial court. On review, the Supreme Court reversed our judgment and affirmed the trial court. On its reconsideration, the Supreme Court remanded to us for a determination of the attorney fees issue.

The issue is whether, when a plaintiff brings a negligence action against which the defendant successfully defends on the basis of a lease provision, and the lease contains an attorney fees clause, the defendant is entitled to attorney fees. The lease agreement provides:

> "In case suit or action is instituted to enforce compliance with any of the terms, covenants or conditions of this lease, or to collect the rental which may become due hereunder, or any portion thereof, the losing party agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed the prevailing party in such suit or action * * *."

In *Bliss v. Anderson,* 37 Or App 773, 588 P2d 112 (1978), *rev den* 285 Or 73 (1979), we said that, even when a contract provision is general or open-ended, it "must be construed to require [as] the basis for [its] operation that the

lawsuit be for the enforcement of the contract or for damages for breach of the contract." 37 Or App at 775. As in *Bliss* and *Ross v. Cagley,* 65 Or App 79, 670 P2d 190 (1983), plaintiff here sought neither enforcement of the contract nor damages for its breach. The action was for negligence; a successful defense based on a lease provision does not change the nature of the action from tort to contract.

Judgment modified; remanded with instructions to delete attorney fees; otherwise affirmed.