Argued and submitted September 28, affirmed on appeal and cross-appeal
November 25, 1987

BAHR,
*Respondent - Cross-Appellant,*

*v.*

ETTINGER,
dba Keizertimes,
*Appellant - Cross-Respondent.*

(138902; CA A40807)

745 P2d 807

John A. Lien, Keizer, argued the cause for appellant -

cross-respondent. With him on the briefs was Lien & Hobson, Keizer.

Richard L. Cowan, Salem, argued the cause and filed the briefs for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This is a libel action brought by plaintiff, a candidate for public office, against the publisher and editor of *Keizertimes,* a weekly newspaper. The trial judge granted defendant's motion for directed verdict but denied his claim for attorney fees. Defendant appeals the denial of attorney fees. Plaintiff cross-appeals the granting of the directed verdict.

On January 12, 1983, a week before a city council election, defendant published the newspaper articles in which plaintiff's name appeared:

"CANDIDATES KEEP BUSY AS
ELECTION DRAWS NEAR

"* * * * *

"A group called 'Keizer Concerned Citizens' put out a questionnaire on candidates, a questionnaire that was originally stocked at stores but later removed by Albertson's and Safeway, after candidate complaints.

"The group, headed by Marge Bowder, sent a questionnaire out to all candidates. The mailing was composed by candidate Les Bahr.

"The Secretary of State reported Monday that they were investigating possible election law violations in connection with the mailer."

"CITIZEN QUESTIONNAIRE DRAWS PROTESTS

"Candidate protests over a piece of literature put out by 'Keizer Concerned Citizens' has prompted two Keizer stores to remove it from their businesses and resulted in the Secretary of State's office investigating possible election violations.

"Keizer Concerned Citizens is a group headed by Marge Bowder, a group that sent the questionnaire to all candidates in December.

"The questionnaire was designed by one of the candidates, Les Bahr, which became part of the reason for protests.

"* * * * *

"Dick Bauer said he protested to Albertson's about the material, since it originated from Les Bahr.

"* * * * *

"It was unclear Monday whether or not the group might be in violation of election law because they have spent money in a political effort, but have not registered with the state. Both

the county and state had no comment, except to say it was being investigated.

"Neither Bowder nor Bahr could be reached for comment before press deadlines."

We first address plaintiff's cross-appeal, in which he assigns this ruling as error:

"I have reached the conclusion with regard to the alleged defamatory material, the statements are either true; they are not defamatory; or there is no evidence to support a finding that the defendant knowingly or recklessly published anything that he knew or should have known was false.

"Under the circumstances, I'm persuaded, therefore, that the motion for directed verdict should be granted. It will be so ordered."

Plaintiff argues that the trial judge "usurped" the jury's role by ruling as a matter of law that the statements in question are true and not defamatory and that there was evidence to support a finding that defendant knew that the statements were false or that he recklessly published them in circumstances in which he should have known that they were false.

■ ■ Whether a statement is capable of a defamatory meaning is a question for the court to determine. *Worley v. OPS*, 69 Or App 241, 244, 686 P2d 404, *rev den* 298 Or 334 (1984). The truth is a complete defense in a defamation case. *Bahr v. Statesman Journal*, 51 Or App 177, 180, 624 P2d 664, *rev den* 291 Or 118 (1981).

■ Of the material published by defendant and claimed to be defamatory only two parts merit discussion. The first is that a mailing composed by plaintiff caused other candidates to complain. That statement is not defamatory. The second is that, as a result of the mailer composed by plaintiff, the Secretary of State was conducting an investigation of a possible election law violation. Out of context, that statement could be read to mean that plaintiff, a candidate, had committed an election law violation, and it could be defamatory. In context, however, it is clear that the only violation being investigated was the failure of the citizen's group (not plaintiff) to register before spending money in a political campaign. That is not defamatory of plaintiff. In any event, plaintiff's own evidence established that the statement was substantially true. The Secretary of State's office had received information about the

Keizer group's activity and was investigating whether there had been election law violations. There were some inaccuracies in the articles, but they were not defamatory.[1] We agree with the trial judge's assessment of the evidence and hold that the directed verdict was properly granted.

■ We turn to defendant's appeal. He contends that the trial court erred in failing to award attorney fees under ORS 20.105[2] for plaintiff's alleged bad faith in connection with a civil action. The trial court concluded that the statute, enacted during the pendency of this action, could not be applied retroactively. *See Zaik/Miller v. Hedrick,* 72 Or App 20, 695 P2d 88 (1985).

Plaintiff filed the original complaint on January 18, 1983. It was dismissed, and he filed an amended complaint on April 5, 1983, and a second amended complaint on June 6, 1983. Defendant filed the original answer on July 21, 1983. The statute became effective on August 4, 1983. Defendant filed an amended answer on April 26, 1985. That pleading included defendant's claim for attorney fees under the new statute. Defendant contends that the application of the statute is not retroactive if the action was still in its pleading stage after the effective date of the statute and if the other party had been timely placed on notice of the claim of attorney fees for bad faith so that he could discontinue the claim.

■ We do not agree with that construction. We follow *Zaik/Miller v. Hedrick, supra,* where we held that the statute is substantive rather than procedural and can be applied only prospectively. We concluded that the application of the statute to a proceeding commenced before the statute took effect

---

[1] Plaintiff, for example, points out that the correct name of the citizen group was "Concerned Keizer Citizens" instead of "Keizer Concerned Citizens" and that no official at the Secretary of State's or the Marion County clerk's offices used the exact words "no comment."

[2] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

would be retroactive. 72 Or App at 22, 23. The application of the statute to pending litigation does not become prospective merely because the litigation is continued after the statute becomes effective. It was not error to deny defendant's claim for attorney fees.

Affirmed on appeal and on cross-appeal.