La Vonne RICE, Plaintiff,

v.

**COMTEK MANUFACTURING OF ORE-GON, INC., an Oregon corporation, and Tektronix, Inc., an Oregon corporation, Defendants.**

**Civ. No. 89–1198–JU.**

United States District Court,
D. Oregon.

Nov. 12, 1990.

See also 766 F.Supp. 1544.

Richard C. Busse, Donald B. Potter, Portland, Or., for plaintiff.

Charles F. Hinkle, Glenn J. Hovemann, Portland, Or., for defendants.

## ORDER

REDDEN, Chief Judge:

■ Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), Judge Juba ruled on plaintiff La Vonne Rice's motion to amend. Plaintiff has requested a review of that ruling. "Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination as are a magistrate's proposed findings and recommendations under section 636(b)(1)(B)." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.1981) (per curiam). *Accord U.S. v. Saunders*, 641 F.2d 659, 663–64, n. 1 (9th Cir.1980), *cert. denied* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

■ Plaintiff asserts that Judge Juba's Order denying plaintiff's motion to amend "is analogous to a decision dismissing a complaint for failure to state a claim for relief and therefore under 28 U.S.C. § 636 it instead should be treated as Findings and Recommendation." Plaintiff's Objections to Magistrate's Ruling Brief, p. 1. Motions for leave to amend a complaint are treated as nondispositive motions under § 636(b)(1)(A). *U.S. Dominator v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir.1985). Section 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." Plaintiff's motion to amend is a pretrial motion, nondispositive in nature, to be scrutinized under the clearly erroneous or contrary to law standard of review.

Plaintiff has not demonstrated that Judge Juba's Order was clearly erroneous or contrary to law. Accordingly, I affirm.

IT IS SO ORDERED.

## ORDER

GEORGE E. JUBA, United States Magistrate:

### INTRODUCTION

I recently recommended granting the motion for summary judgment of defendants

Tektronix, Inc., and Comtek Manufacturing of Oregon, Inc., against plaintiff's only remaining claims, wrongful discharge and negligent termination. Findings and Recommendation (Aug. 15, 1990) (docket # 49). Earlier I recommended granting defendants' motion to dismiss plaintiff's five other claims. Findings and Recommendation (March 6, 1990) (docket # 17), *adopted* Order (Mar. 27, 1990) (Redden, J.) (docket # 20). Plaintiff's original complaint had no meritorious claims. Now plaintiff La Vonne Rice moves to amend. Fed.R.Civ.P. 15.

### STANDARDS

Rule 15 provides, in part, as follows: [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

Whether to grant or deny a motion to amend pleadings is a matter of the court's discretion. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). There is a strong policy favoring amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973). The court should consider the following factors on a motion to amend pleadings: 1) undue delay, 2) bad faith, 3) prejudice to the opponent, and 4) futility of the amendment. *Gabrielson*, 785 F.2d at 766. Leave to amend may be denied "when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleading." 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1488 at 688 (2d ed. 1990).

### DISCUSSION

#### 1. *First and Second Claims*

These claims are for wrongful discharge and negligent termination. They are the same as those in the original complaint. I recently recommended granting summary judgment against these claims. F & R (Aug. 15, 1990) (docket # 49). It would cause undue delay and be futile to allow plaintiff to replead these claims now. *Gabrielson*, 785 F.2d at 766.

#### 2. *Third Claim*

This claim is for defamation and slander. Plaintiff alleges Gale Kingsbury, Comtek's President and CEO, told plaintiff he was being fired for "dealing in drugs." Kingsbury made this statement before Rena Mackie, Comtek's human resources director. The next day, Kingsbury allegedly told other Comtek employees he had fired plaintiff for "cause" based on "sufficient information."

Plaintiff knew of these statements in February 1989. He waited until July 1990 to plead them for the first time, months after his original defamation claim had been dismissed. Plaintiff may not plead another defamation claim. *Federal Practice and Procedure* § 1488 at 688. Furthermore, there are numerous other reasons not to allow plaintiff to amend his complaint with a defamation clause.

#### A. Kingsbury's "Dealing in Drugs" Statement

Plaintiff failed to show defendant Comtek published any defamatory statements. Publication is an essential element of the tort of defamation. *See State ex rel. Advanced Dictating Supply, Inc. v. Dale*, 269 Or. 242, 247, 524 P.2d 1404 (1974). Plaintiff alleges Kingsbury's statement to him and Mackie was a publication. Kingsbury and Mackie were Comtek's employees acting within the scope of their duties as president/CEO and human resources director. While there is no controlling Oregon case, and other jurisdictions are split, the majority view holds that "statements made by one corporate employee during the performance of his duties within the hearing only of other corporate employees does not constitute publication." *Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1309 (10th Cir.1990) (Okla. law); *see also Jones v. Golden Spike Corp.*, 97 Nev. 24, 623 P.2d 970, 971 (1981) (citing cases and calling this majority rule).

This rule makes perfect sense here. Plaintiff is not attempting to place liability on the executive who made the statement. He is trying to punish a corporation because one executive spoke to another regarding matters within the scope of their employment. There is no publication by the corporation because it "cannot be held liable solely on the basis of its alleged defamatory communications to itself." *Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1094 (Ala.1988).

Finally, a qualified privilege protected Kingsbury's statement. *Wattenburg v. United Medical Laboratories*, 269 Or. 377, 380, 525 P.2d 113 (1974).

> A statement is conditionally privileged if: (1) it was made to protect the interests of the defendants; (2) it was made to protect the interests of plaintiff's employer; or (3) it was on a subject of mutual concern to defendants and the persons to whom the statement was made.

*Id.* Kingsbury had been briefed on plaintiff since problems were first perceived with his behavior at the work place. Mackie consulted with Kingsbury regarding plaintiff's employment future with defendant. Kingsbury fired plaintiff after those consultations. Kingsbury made his statement to protect Comtek's interests as plaintiff's employer. The statement was on a subject of mutual concern to the president/CEO and the director of human resources. I conclude Kingsbury's statement was privileged. *Id.*

Defendants can be subject to liability only if they "abuse[d] the occasion which gave rise to the privilege." *Benassi v. Georgia–Pacific*, 62 Or.App. 698, 703, 662 P.2d 760, *modified* 63 Or.App. 672, 667 P.2d 532, *rev. denied*, 295 Or. 730, 670 P.2d 1035 (1983). The publisher abused the occasion if he 1) lacked reasonable grounds for believing the truth of the defamatory matter, 2) his publication was not made for a privileged purpose, 3) he published to someone unrelated to achieving the purpose of the particular privilege, or 4) his publication included matter unnecessary to achieve the purpose of the particular privilege. *Id.* (quoting *Schafroth v. Baker*, 276

Or. 39, 45, 553 P.2d 1046 (1976)). Plaintiff failed to show any of these exceptions to the privilege apply here.

### B. Kingsbury's "Cause" and "Sufficient Information" Statements

Kingsbury's statements to other Comtek employees besides Mackie are also inactionable. As with the prior statement alleged, there was no "publication" because this statement was made to other Comtek employees. *Messina*, 903 F.2d at 1309 (no publication when statement made by supervisor to fellow employees). Even if the statements were published, they were privileged under the *Wattenburg, Schafroth,* and *Benassi* rules because they were made to plaintiff's former co-workers in an attempt to explain his termination.

In addition, the "cause" and "sufficient information" statements alleged are not capable of defamatory meaning. An at-will employee may be terminated "for any reason." *Sheets v. Knight*, 308 Or. 220, 223, 779 P.2d 1000 (1989). Plaintiff alleges the "innuendo" of Kingsbury's statements was that "plaintiff was a drug dealer." Proposed Amended Complaint at para. 15. Innuendo, however, cannot "establish a new charge or enlarge or charge the previous words." *Marr v. Putnam*, 196 Or. 1, 23, 246 P.2d 509 (1952). Plaintiff did not plead a viable claim for defamation, so allowing amended claim three would be futile.

### C. Plaintiff's Response

Plaintiff contends defendants must plead the qualified privilege as a qualified defense. Viewing the simple facts of this action, such a requirement would be futile because defendants could move for and obtain dismissal or summary judgment on this claim.

Plaintiff also contends the matter of the privilege and intracorporate publication are best resolved in a Rule 21 motion. Plaintiff has made frequent references to Rule 21. Plaintiff forgets, however, that he has made a federal case out of his termination. Federal Rule of Civil Procedure 21 refers to misjoinder and is irrelevant here.

### 3. Fourth Claim

Plaintiff also alleges defendants' three confidential informants defamed him by circulating rumors that he sold drugs at work. Comtek allegedly ratified and adopted the conduct of these confidential informants because Comtek managers circulated the rumors, failed to punish those who circulated the rumors, failed to fully investigate the rumors, and have not identified the confidential informants.

A corporation is generally only liable for defamatory statements made by its management employees acting within the scope of their employment. *See Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404 (1988) (employer liable for employee's torts when the employee acts within the scope of employment). Plaintiff failed to state which managers made what specific statements. Defendants cannot be held liable for defamation generally alleged. *See* Order, F & R at 3-4 (March 6, 1990) (docket #17) (plaintiff should allege who, what, where, and how of allegedly defamatory statements). Plaintiff also contends defendants ratified the statements by the managers and confidential informants. The cases plaintiff cites have nothing to do with employment disputes or defamation. I find no doctrine of ratification in defamation law. Moreover, I find no reason why the *Wattenburg* qualified privilege would not apply to the facts alleged in this claim. Plaintiff's fourth claim is not viable.

### 4. Fifth Claim

Here plaintiff alleges defendants libelled him when management personnel signed a personnel action form stating plaintiff had been "involuntarily terminated." Amended Complaint at para. 20. Plaintiff admits this statement is true. Truth is an absolute defense to a libel claim. *See Bahr v. Ettinger*, 88 Or.App. 419, 422, 745 P.2d 807 (1987). In addition, the *Wattenburg* qualified privilege protects defendants acts here because it is reasonable to make a note in the personnel file as to why an employee is no longer employed. The additional statement that the security office "should be notified prior to rehiring [plaintiff]" was obviously made to protect defendants' interests. Finally, the intracorporate communications alleged here are not a "publication" by defendants. This claim is insufficient.

### 5. Sixth Claim

Plaintiff alleges Comtek security personnel "published" two "incident reports" about his suspected drug dealing. Plaintiff does not allege when, where, or to whom the reports were published. These omissions render this claim sterile. Prosser & Keeton, *Torts* § 113 at 797 n. 1 (5th ed. 1984). Further, the occasion for the alleged communications was a privileged one. *Benassi*, 62 Or.App. at 703, 662 P.2d 760. This claim is also futile since it could not withstand a motion to dismiss.

### 6. Seventh Claim

This claim is for intentional interference with prospective advantage. To plead such a claim, a plaintiff must "prove that [defendants] purposely caused a third person not to continue a business relation with plaintiff and that [defendants were] not privileged to do so." *North Pac. Lumber v. Moore*, 275 Or. 359, 369, 551 P.2d 431 (1976). At oral argument plaintiff's counsel conceded there has been no interference. I will not allow plaintiff to sue on speculation. This claim is inadequate.

### 7. Eighth Claim

Plaintiff also brought a claim for intentional infliction of emotional distress alleging defendants terminated him without first conducting a full and fair investigation. I have already dismissed a nearly identical claim. Order, F & R at 7-9. Plaintiff changed the new claim by adding allegations that defendants intentionally deviated from their regular practice of investigating wrongdoing. Earlier I held a failure to conduct a full and fair investigation is not "extremely outrageous." *Id.* at 8-9. Nor is it " 'some extraordinary transgression of the bounds of socially tolerable conduct.' " *Id.* at 7 (quoting *Lewis v. Oregon Beauty Supply Co.*, 302 Or. 616, 626, 733 P.2d 430 (1987)). As defendants ob-

serve, if failing to perform an investigation is not extremely outrageous, then deviating from a policy of investigating cannot be, either. Plaintiff has not repled facts sufficient to state a claim of intentional infliction of emotional distress.

### 8. Ninth Claim

Plaintiff calls this claim one for breach of contract. He alleges, however, that the breach was done when Comtek fired him on the basis of his race. In other words, plaintiff is trying to make a racial discrimination claim. Plaintiff's racial discrimination claim, if any, arose under statute. I have already ruled that plaintiff cannot state a claim for racial discrimination under 42 U.S.C. § 1981. Order, F & R at 9–10. Indeed, plaintiff withdrew his earlier motion to amend after defendant noted plaintiff's claim was time barred by ORS 659.-095(1) and 659.121(3). Plaintiff's voluntary withdrawal tacitly conceded that he is no longer able to bring a racial discrimination claim under statute. He cannot now bring a discrimination claim clothed as a contract claim.

### 9. Tenth Claim

Plaintiff asserts defendants breached the implied covenant of good faith and fair dealing by not conducting a full and fair investigation before terminating him. The Oregon Supreme Court "has never held that a duty of good faith and fair dealing applies to at-will employment contracts, insofar as the right to discharge at will is concerned." *Sheets v. Knight*, 308 Or. at 233, 779 P.2d 1000. Either party to an at-will employment contract may terminate it, "even for a bad cause." *Id.* Plaintiff's claim is insufficient as a matter of law.

Plaintiff contends dicta in *Best v. U.S. Nat'l Bank*, 303 Or. 557, 739 P.2d 554 (1987), saves this claim. The *Best* dicta upon which plaintiff relies states an employer may breach an implied covenant of good faith if he fires the employee "in order to deprive the employee of benefits to which the employee would otherwise have become entitled if the employment had continued." *Id.* at 564, 739 P.2d 554.

Plaintiff does not allege defendants terminated him to deprive him of benefits as required by *Best*. This claim would not survive a motion to dismiss. It would be futile to allow this claim on amendment.

### 10. Eleventh Claim

This is another slander claim. Plaintiff alleges Mackie "and one of her associates ... told each other that Plaintiff was doing drugs at work." Proposed Amended Complaint at para. 41. For the reasons stated above in discussing the third through sixth claims, these allegations do not state a claim for slander.

### CONCLUSION

For the reasons stated above, plaintiff's motion to amend (# 42) is denied.

Dated this 12th day of September, 1990.