NOT FOR PUBLICATION



FILED

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| AMY BALDIN, an individual and as sole manager of Lugano Properties 4, LLC, | ) ) ) ) | No. 15-35790 D.C. No. 3:12-cv-00648-AC |
| Plaintiff-Appellant, | ) ) | MEMORANDUM* |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., a National Bank registered to do business in Oregon; WELLS FARGO HOME MORTGAGE, INC., a California corporation registered to do business in Oregon, | ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) | |
| AMY BALDIN, an individual and as sole manager of Lugano Properties 4, LLC, | ) ) ) ) | No. 16-35484 D.C. No. 3:12-cv-00648-AC |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., a National Bank registered to do business in Oregon; WELLS FARGO | ) ) ) | |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

HOME MORTGAGE, INC., a ) California corporation registered ) to do business in Oregon, )
)
Defendants-Appellees. )
)

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Submitted November 6, 2017[**]
Portland, Oregon

Before: FERNANDEZ and W. FLETCHER, Circuit Judges, and TIGAR,[***] District Judge.

Amy Baldin appeals the district court's summary judgment (No. 15-35790) and award of attorney's fees (No. 16-35484) in favor of Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. (collectively, "Wells Fargo"). We affirm.

(1) Baldin first asserts that the district court erred when it granted summary judgment on Baldin's claim that Wells Fargo had committed the tort of

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

defamation[1] against her by informing certain credit reporting agencies that she had defaulted on loans made to her by Wells Fargo. We disagree. As the district court pointed out, "'truth' is a complete defense in a defamation case,"[2] and the undisputed facts in this case show that Baldin was, indeed, in default on her payments at the times that Wells Fargo so informed the credit reporting agencies. She, in fact, had failed to make the payments required under the terms of the loan agreements with Wells Fargo. The district court did not err. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

(2) During much of the time that Baldin was pursuing this case, she alleged claims attacking Well Fargo's reliance upon and exercise of its rights under the loan agreements. Nevertheless, Baldin asserts that the district court erred when it awarded Wells Fargo attorney's fees against her pursuant to the terms of the loan agreements contained in the deeds of trust and mortgage. Again, we disagree. A party is entitled to attorney's fees when a contract between the parties provides for the payment of fees. *See* Or. Rev. Stat. § 20.096(1); *see also id*. § 20.075(1)–(2);

---

[1]*See Neumann v. Liles*, 369 P.3d 1117, 1121 (Or. 2016). We note that the substantive law of the State of Oregon applies to this diversity claim. *See Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007).

[2]*Bahr v. Statesman Journal Co.*, 624 P.2d 664, 666 (Or. Ct. App. 1981).

3

*McConnell v. Sutherland*, 898 P.2d 254, 258–59 (Or. Ct. App. 1995); *cf. Harris v. Cantwell*, 614 P.2d 124, 126–27 (Or. Ct. App. 1980).  Here the contracts specifically provided for fees expended by Wells Fargo in protecting its rights in the property securing the loan and under the security agreement itself.  The district court did not abuse its discretion in awarding fees or in setting the amount thereof.[3] *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016) (per curiam).

AFFIRMED.

---

[3]We note that the district court allowed fees up to the point that all claims directly related to the contract provisions were dismissed, but not thereafter.